CASE 96—PETITION ORDINARY—FEBRUARY 8.

# Viley v. Pettit.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. REAL ESTATE BROKER—CONSIDERATION FOR PROMISE TO PAY FOR SERVICES.—Where the services of a real estate agent in selling property are accepted by the owner, and the trade consummated by him, there exists a sufficient consideration to support his promise to pay for the services, although they were not performed at his request.

2. IMPLIED PROMISE TO PAY FOR SERVICES.—Mere consent by one that another may render unsolicited services in relation to his business affairs is not enough to raise an implication of request and promise to pay.  There must be a distinct allegation of benefit, and such condition and relation of the parties as to show an understanding or expectation by them the services would be paid for.

In this action by a real estate agent to recover a commission for selling property, an allegation in the petition that the services were performed " for the defendant with his consent," and that he accepted the services and consummated the trade, is not sufficient to raise an

Viley v. Pettit.

implied promise to pay for the services, and the petition would not be good but for the allegation of an express promise to pay.

THORNTON & KERR FOR APPELLANT.

1. Although services are rendered for the benefit of another without his request or privity, yet if he *subsequently* assents thereto, or if, after the services are rendered, he has knowledge thereof and acquiesces therein, a previous request and consequent promise may be implied. (Smith on Contracts, 5 Am. ed., top p. 194, side p. 169; Wood on Master and Servant, top p. 110, sec. 71, ed. of 1877; *Idem*, sec. 67; Allen v. Richmond College, 41 Mo., 302; 1 Parsons on Contracts, 5th ed., pp. 469, 473; Greenleaf, vol. 2, p. 93, sec. 107 (5th ed., Little, Brown & Co.); Addison on Contracts, 3d Am. ed., sec. 12; Coleman v. Simpson, 2 Dana, 166; Weir v. Weir, 3 B. M., 648.)

2. It is not necessary to allege a precedent request in those cases where the law presumes a request. (Newman's Pl. & Pr., pp. 277, 332; De La Guerra v. Newhall, 55 Cal., 21; Abadie v. Carrillo, 32 Cal., 174; Faitt v. Clark, 12 Cal., 89; Higgins, et al, v. Germaine, 1 Mont., 230; Joubert v. Carlie, &c., 26 Wis., 594; Wills v. Wills, 34 Ind., 106; Hill v. Barret, 14 B. M., 83; Louisville, &c., Canal Co. v. Murphy, 9 Bush, 522; Gevaltney v. Cannon, 31 Ind., 227; Pomeroy's Remedies and Remedial Rights, secs. 538–540; Comstock v. Smith, 7 John., 88; Hicks v. Burhans, 10 John., 242; Doty v. Wilson, 14 John., 377.)

J. R. MORTON AND F. C. ELKIN FOR APPELLEE.

The past performance of services constitutes no consideration even for an express promise unless they were performed under an express or implied request of the person sought to be charged. (2 Greenleaf on Evidence, sec. 107; Mills v. Wayman, 3 Pick.. 207.)

The word "consent," as used in the pleading, is not the equivalent of "request." (21 Am. & Eng. Enc. of Law, p. 22.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The petition to which a general demurrer was sustained by the lower court, is as follows:

"Plaintiff, Willa Viley, says that prior to and on February 9, 1893, he was engaged in the city of Lexington in conducting a general real estate business, including the buying and selling for others of real estate in that city and county of Fayette and elsewhere, upon commission, which facts were then known

to the defendant, William Pettit; that while engaged in said business he performed services for the defendant with his consent, in endeavoring to effect a sale for him of his farm, situated in the county of Fayette, containing three hundred and forty-seven acres, one rood and one and four-tenths poles of land, being the same upon which defendant lately resided; that through his said services and efforts a sale of the said farm was made, and the defendant, accepting plaintiff's said services, consummated said sale, and on February 9, 1893, through the said services and efforts of plaintiff, said farm was sold for the sum of forty-three thousand four hundred and seven dollars and thirty-four cents.

"Plaintiff says that his said services were reasonably worth the sum of eight hundred and sixty-eight dollars and fourteen cents, and by reason of the facts aforesaid, the defendant on February 9, 1893, became indebted to plaintiff in said sum, which he then undertook and promised to pay, but no part thereof has been paid, although payment has been demanded."

It seems to be substantially stated in the petition that through services of plaintiff as a real estate agent a sale of the farm was made; that defendant accepted and availed himself of the services; and in consideration thereof promised to pay the amount sued for. And upon proving each of these facts plaintiff will be entitled to recover. For if sale of the farm was effected by services and efforts of plaintiff, and defendant, accepting the services, consummated the trade, there existed a sufficient consideration to support his promise to pay.

But we do not agree with counsel that, from the facts

stated, there arises a legal implication that defendant requested plaintiff to perform the services in question for him, and, as a consequence, became bound by an implied undertaking to pay therefor.  As argued, it is a general rule, founded upon common sense and common justice, that the law will imply both a request and promise by one who, knowing all the facts, stands by consenting, when it is his duty to object, to services rendered for his benefit and advantage by another.  But in order to create liability in absence of an express request and promise to pay, relation of the parties and circumstances under which the services are rendered must be such as to show not only the services were for benefit of the person receiving them, but that he knew, or had reasonable grounds to believe, the person rendering them expected to be paid therefor.  And no better illustration of the danger and injustice of implying a request and promise to pay for services rendered, simply because no objection is made, could be afforded than is done by this case; for the very business appellant is engaged in—that of buyer as well as seller on commission of real estate—may exact of him allegiance and devotion to 'the exclusive interest of the vendor or purchaser, as he may be employed by one or the other, and there is nothing in appellant's petition repelling the idea he may not, in this instance, have been in the service of both buyer and seller of the land.

It seems to us mere consent by one that another may render unsolicited services in relation to his business affairs, is not enough to raise an implication of request and promise to pay.  There must be a dis-

tinct allegation of benefit, and such condition and re-
lation of the parties as to show an understanding or
expectation by them the services would be paid for.

In our opinion, whatever cause of action the petition
states is based upon the express promise alleged, and
as plaintiff may recover upon proof of it, the lower
court erred in sustaining the general demurrer.

Wherefore, the judgment is reversed, and cause re-
manded for proceedings consistent with this opinion.