# Stevens *v.* Bailey & Howard.

*Action for Commissions as Real Estate Brokers.*

(Decided Dec. 21, 1906. 42 So. Rep. 740.)

1. *Brokers; Action for Compensation; Complaint; Sufficiency.*— Where the complaint alleged that defendant employed plaintiff to obtain for him a purchaser for a certain piece of property, agreeing with plaintiff to pay him all above a certain sum over the purchaser's price for his service, it containts a sufficient averment of the employment of plaintiff.

2. *Same.*—A complaint alleging that defendant authorized plaintiff to sell defendant's property on specified terms, and that plaintiff fully complied with the same, and that when it was reported to defendant he approved and accepted the offer of the purchaser, and that the purchaser was able and willing to pay for the property, but that defendant refused to consummate the trade, sufficiently shows an employment of plaintiff.

3. *Same; Defenses; Statute of Frauds.*—It is no defense to an action to recover commission or compensation for the sale of land that the contract with the broker was within the statute of frauds.

4. *Same.*—The evidence in this case considered, and it is held that the question of plaintiff's employment was one for the jury.

5. *Same; Employment.*—When a real estate broker asks and obtains a certain price for real estate from the owner, that, without more, does not establish the relation of principal and agent, nor show a contract of employment.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

This was an action by Bailey & Howard against Stevens to recover commissions as brokers in the sale of certain real estate. The averments of the counts in the complaint are sufficiently stated in the opinion. The demurrers being overruled to the counts, the defendants filed three pleas of the general issue and the following special pleas: 4. And for further answer thereto, defendant says that being importuned by plain-

tiff, he expressed a willingness to accept $8,000 for the property, but that he expressly refused and declined to employ plaintiffs or to contract with plaintiff to negotiate a sale thereof or to pay plaintiff any commission thereon. 5th. And for further answer thereto, defendant says that being importuned by plaintiff he expressed a willingness to accept $8,000 for the property, but that he expressly refused and declined to employ plaintiff or to contract with plaintiffs to negotiate a sale thereof, and defendant further says that his willingness to accept said $8,000, for said property, was not in writing, and subscribed by him, nor by any other person by him, thereto, lawfully authorized in writing. 6. That defendant being requested by plaintiffs to fix a price on such property, expressed a willingness to accept $8,000 for said property, and defendant expressed such willingness entertaining the honest belief that he had a good title to said land having had quiet, peaceable, open, notorious, adverse and exclusive possession thereof, for over nineteen years under color of title, being the purchaser thereof for value. And defendant says that at the time the alleged offer of purchase was made, he was willing, ready and offered to convey said property by a deed to said purchaser for the consideration of $8,000 with full covenents of warranty. 7. Defendant, for further answer, says that plaintiffs were not his said agent in and about the sale of said property; that he had no contract with plaintiff in and about the same but merely expressed a willingness to accept $8,000 for said property, which was not in writing and subscribed by him, nor by any other person thereunto lawfully authorized. To the 3rd, 4th, 5th, and 6th counts, defendant says: 8. That defendant was at all times pending the negotiation for the sale of said property, ready, able and willing, to convey a reasonably good title to said property upon the receipt of $8,000 cash. 9. That defendant was at all times pending the negotiation for the sale of said property, ready, able and willing to cure all obejctions which were made by said Miller to said title, and which impaired its validity and

was ready, able and willing to convey said Miller such title so cured and corrected upon receipt of $8,000 in cash. Demurrers were interposed to these pleas as follows: To plea 4, because all matters therein alleged, are available under the general issue, and because the same is not in confession and avoidance and it does not answer any count in the complaint. To plea 5, because it sets up the statute of fraud and the same, was not applicable to the complaint or any count thereof. To the sixth plea, because it did not tender a material issue; because it sets up no defense to the action, honest belief on part of defendant as to his title being immaterial; and because, the title therein set up, would not operate necessarily to set up an indefeasible unincumbered title, and because the purchaser is not required to accept a warranty deed if defendant's title was not an indefeasible unincumbered title in fee simply. To plea 7, because the statute of fraud is no defense to any cause of action stated in the complaint, and because, a purchaser is not bound to accept a reasonably good title. To plea 9, because it is not averred that defendant offered to cure or remove all objections which impaired the validity of his title. The averments of the plea are merely matters of opinion and not of fact. The facts in the case are sufficiently stated in the opinion. There was verdict and judgment for plaintiff for $327.00.

BRADLEY & MORROW, for appellant.—In order to render the owner liable for commissions to a real estate broker who finds a purchaser, where the trade is not consummated because of defective title the employment must be alleged and proved and the relation of principal and broker must be alleged and proved.—23 A. & E. Ency. of Law (2nd Ed.) p. 911; *Weinhouse v. Cronan,* 68 Conn. 250; *King v. Benson,* 22 Mont. 256. The sale must have been perfected or consummated before Stephens could have been liable.—*Ford v. Brown,* 120 Cal. 553. An implied contract can exist only where there is no express contract.—1 Chitty on Contracts (11 A. & E. Ed.) 89; *Weinhouse v. Cronan, supra.* Under the evidence Stephens is entitled to the general affirmative charge.—*Ford v. Brown, supra; Stewart v.*

*Pickering,* .73 Ia, 652. It was Howard's duty to get. the highest price for Stephens and the lowest price for Miller. "He cannot serve two masters."—Luke; *Martin v. Bliss,* 10 N. Y. Sup. 886; *Rice v. Wood,* 113 Mass. 133; *Campbell v. Baxter,* 41 Neb. 729; *Capenher v. Hogan,* 40 Ia. St. 203; *Young v. Trainer,* 158 Ill. 428. The facts do not show the employment by Stephens.— *Carrol v. O'Shee,* 18 N. Y. Sup. 146. The court erred in admitting the opinion of Smyer as to the alleged defects in the title.—*Hess v. Eggers,* 76 N. Y. Sup. 980. The bringing of the parties together includes the idea of their being bound to each other in a valid contract.— *Blankenship v. Ryerson,* 50 Ala. 426; *Birmingham L. & L. Co. v. Thompson,* 86 Ala. 146; *Gilchrist v. Clark,* 86 Tenn. 583; *Toombs v. Alexander,* 101 Mass. 255; *Cooke v. Fiske,* 12 Gray. 491.

CABANISS & BOWIE, for appellee.—When the minds of the proposed purchaser and would-be vendor had been brought together the office of the real estate broker has been performed and he has earned his commission.— *Birmingham L. & L. Co. v. Thompson,* 86 Ala. 146. And the fact that the sale was never consummated does not weaken the force or application of the rule, provided the sale is not prevented by some fault or misrepresentation on the part of the broker, or on account of the inability of the proposed purchaser to pay.—s. c. 86 Ala. 146. Where a broker is employed to make a sale with the stipulation that he must obtain a net sum or obtain his commissions from the other party, and the trade fails without fault on his part but because of the fault of his employer he may recover his commissions against his employer.—*Atkinson v. Pack,* 19 S. E. 628; *Cavander v. Waddingham,* 2 Miss. App. 551; *Livermore v. Crane,* 67 Pac. 221. The statute has no application to the present suit.—*Sayre v. Wilson,* 86 Ala. 151. Where a contract of employment has been fully performed on one side and nothing remains but the payment of money on the other, the common count will suport a recovery. —*Beadle v. Grayham,* 66 Ala. 99; *Holloway v. Talbot,* 70 Ala. 389; *Stafford v. Sibley,* 106 Ala. 189.

HARALSON, J.—The first and second were the common counts,—the first claiming $250.0 due by account made by defendant with the plaintiff on the 7th of February, 1899; and the second for a like amount for work and labor done by plaintiff for the defendant at his request, on the 7th of February, 1899.

The third was for the same amount, with interest, setting up that on the 7th of February, "the defendant employed the plaintiffs who were real estate agents doing business in the city of Birmingham, Alabama, to obtain for him a purchaser for a certain piece of property * * * in said city, and agreed with plaintiffs that they should be paid for their services all of the purchase price over and above the sum of eight thousand dollars, the defendant only insisting that he should realize said sum of eight thousand dollars net to him. And the plaintiffs aver that they did, within a reasonable time thereafter, and while said agreement was in full force, obtain a purchaser for said property at and for the sum of eight thousand two hundred and fifty ($8,250.00) dollars, said purchaser being acceptable to said defendant, and being then ready, willing and able to pay therefor. Plaintiffs further aver, that notwithstanding the premises, the defendant had wholly failed, neglected and refused to pay them said sum of two hundred and fifty dollars," etc.

The fourth and fifth counts were no more in resepect to the employment of plaintiffs, than that defendant authorized the plaintiffs, who were real estate agents, to obtain for him a purchaser for the property referred to, who would pay him $8,000.00, and the plaintiffs such additional sum as they required for their compensation, etc.

It is said, "In order to entitle a broker to recover compensation for his services, it is necessary that the person from whom he claims, shall have employed him to render the services out of which his claim arises, or that there should have been such an acceptance and ratification of his services by such person, as will in the eyes of the law amount to the same thing as an original employment."

It is also stated, "that the burden of proving the existence of the employment, is upon the person claiming compensation for his services; and whether or not, there was an employment of the broker who claims commissions, is a question for the jury on conflicting evidence." —23 Am. & Eng. Ency. Law (2d Ed.) 911, 912, and authorities there cited.

The definition of a broker seems to be, that he is an agent employed to make bargains and contracts between other persons in matters of trade, commerce or navigation, for a compensation, commonly called brokerage.— Story on Agency, § 28.

In *B. L. & L. Co. v. Thompson,* 86 Ala. 146, 5 South. 473, and in *Sayre v. Wilson,* 86 Ala. 151, 5 South. 157, the court held that the broker, or real estate agent, employed to effect a sale of land on specified terms, becomes entitled to his commissions, or agreed compensation, when he procures a person who is able, ready and willing to buy on the terms specified, and the vendor accepts him, although the purchaser afterwards declines to complete the contract on account of a defect of title. These cases seem to place the right of the real estate agent to compnsation on the fact of his employment by the seller to sell the designated property. No one, it would seem, on sound principle, has the legal right to charge another for services rendered, unless he had been employed by that other, by contract express or implied, that he would compensate him therefor.

In the case of *Castner v. Richardson,* (Colo.) 33 Pac. 163,—after stating that, to entitle an agent to commissions, a contract of employment is necessary,—the court says: "When a real estate broker asks and obtains from the owner the price of certain real estate, or the price at which the owner is willing to sell, this, without more, does not establish the relation of principal and agent between the owner and the broker; it does not establish a contract of employment. If the rule were otherwise, no one would be safe in stating the price of his own property in the hearing of a broker."—*Viley v. Petit,* (Ky.) 29 S. W. 438.

No objection is raised to the first and second counts. The third avers employment of the plaintiffs as real es-

tate agents by the defendant, to sell the property at a stipulated price to be paid by the purchaser; its sale to one Miller who was able and willing to pay the sum required to be paid to the defendant, and in addition thereto, the amount of $250.00 as a part of the purchase price, which was to go to the plaintiffs as compensation for making the sale.

The count is sufficient in the averment of employment of plaintiffs by defendant, and is not subject to the demurrer interposed to it.

The fourth count does not in terms aver an employment of plaintiffs by defendant to sell the property, but it does aver that the defendant authorized the plaintiffs to sell the property on specified terms, which were fully complied with by the plaintiffs, and when reported to defendant, he approved and accepted the offer of the purchaser, who was ready, able and willing to pay for the property, and defendant wholly refused and failed to consummate said sale, without fault on the part of the purchaser or of plaintiffs, etc.

If the averments of this count (the fourth count) and of fifth and sixth are true, neither of them is lacking in averring the employment of the plaintiffs. A contract of employment, of a broker need not state the employment in terms, but it is sufficient if it states it in substance and effect. An agreement between the parties may show an employment of the agent.—*B. L. & L. Co. v. Thompson,* 86 Ala. 146, 5 South. 473. The demurrer to the fourth, fifth and sixth counts were properly overruled.

The demurrer to the pleas of defendant were properly sustained. The fourth and sixth, eighth and ninth were subject to one or more of the grounds of demurrer interposed to them. The fifth and seventh set up the statute of frauds as to the sale of the land by the plaintiffs to Miller. In an action to recover commissions or compensation for the sale of land by a broker, the statute of frauds is not available as a defense.—*Sayre v. Wilson,* 86 Ala. 152, 5 South. 157.

Whether or not the plaintiffs, as real estate agents, were employed by defendant to sell his property is a

question of fact when the evidence is in conflict, proper for the determination of the jury.

The plaintiffs' evidence tends to show that they were employed by and represented defendant in the sale of his property at a stipulated sum and for stipulated compensation ;that they made the sale to a responsible person, agreeably with the terms of their employment, who was willing and able to pay the money and consummate the sale, and defendant failed and refused to comply with his contract without fault on the part of plaintiffs or the purchaser. Indeed, we may concede for the purpose in hand, that the averments of the several counts, on which the case was tried, were satisfactorily shown by the evidence of this witness. It is, therefore, unnecessary to here set out his evidence. There was, however, as we construe the evidence, sharp conflict between the evidence of the witness and defendant, Robert Stephens, the substance of whose evidence should be here set out. He testified, "that he had never employed Bailey & Howard to sell the property and that they were never his agents; that the first time the question of the sale of the property was discussed with plaintiffs, was when Howard came to his house, and asked him if he would sell the property; that witness told him that he would not,—didn't care to sell it; that Howard said he had a man in Birmingham who wanted to buy Birmingham property; that he had money in the Birmingham National Bank; that he wished he would put a price on it; that he studied a little while and finally told him that he would take eight thousand; that he would not pay any commissions; and that if he, Howard, sold it, the other man would have to pay the commissions * * * that he had never agreed with Howard that he might have all over eight thousand that he could get for the property; that he never priced it above or below eight ($8,000.00) thousand," etc.

On the cross he stated, that he knew plaintiffs were real estate agents; that Howard asked witness to name a price which he would like for the property to be sold; that witness named him the price at $8,000; that it was understood that Howard was not to get any commission out of witness; that witness was to get $8,000.00 out of

the property free of commissions; that he gave Howard the right to sell the property at $8,000, the other party to pay the commissions; that the purchaser was to pay the commissions, if he was paid, and that Howard then went away to make the sale. He further testified that Howard stopped him several times and asked him if he would not pay commissions; but witness always declined to do so; that he always stood to his first statement,—that witness was to have $8,000 free of charges, and that witness always told Howard that he must look to the other man for pay.

On this state of the evidence the court gave the general charge for the plaintiffs, which was error.

The defendant furnished an abstract of title to his lot, which was examined at the request of the purchaser, by E. J. Smyer, his attorney, who found that the title was defective. Mr. Smyer gave a written opinion respecting the title of defendant to the land. The defect was, as pointed out by Smyer, that the deeds from two of the grantors in the chain of title to defendant, were not acknowledged so as to convey the dower of their wives. This opinion of the attorney was offered and admitted as evidence for the plaintiffs. The defendant objected because the evidence was illegal and irrelevant, which objection should have been sustained. The testimony of Smyer as to what Moore said was, however, incompetent.

The errors insisted on have been considered, and for error indicated, the judgment below is reversed and the cause remanded.

Reversed and remanded. All the Justices concur, except the Chief Justice, who was disqualified.