[No. 5329.]
[No. 2971 C. A.]

CLAMMER v. EDDY.

1. Practice in Civil Actions—Instructions—Credibility of Witnesses—Refusal of Requests,

   Where plaintiff admitted that she testified differently on a former trial, and her evidence conflicted with defendant's, neither being corroborated by other witnesses, it is error to refuse an instruction that in arriving at the credibility of witnesses the jury could consider that at a previous trial their testimony was materially different than that given on the present trial.—P. 236.

2. Appellate Practice—Verdict Based on Conflicting Evidence—Conclusiveness.

   Though a verdict is based upon conflicting testimony, if there is not sufficient evidence to sustain it, it will not be conclusive on appeal.—P. 237.

3. Brokers—Commissions—Contract of Employment—Real Property.

   To recover a commission upon the sale of real property, a contract of employment must be shown.—P. 237.

4. Same—Express Contract of Employment—Evidence.

   Where a broker asks and obtains from the owner the price at which he would sell real property, without anything being said as to the broker's employment or compensation, and it does not

appear that the owner knew or had reasonable grounds to be-
lieve that the broker expected to be paid, no contract of employ-
ment, express or implied, can be inferred, but at most only a
naked verbal option.—P. 237.

*Appeal from the County Court of Larimer County.*
*Hon. J. Mack Mills, Judge.*

Action by S. E. Eddy against Samuel Clammer.
From a judgment for plaintiff, defendant appeals.
*Reversed.*

Mr. GEORGE W. BAILEY, for appellant.

Mr. L. R. RHODES and Mr. P. W. LEE, for appel-
lee.

Mr. JUSTICE CASWELL delivered the opinion of
the court:

This was an action by appellee, as plaintiff be-
low, to recover from appellant a commission upon
the sale of real estate. The suit was originally
brought in a justice court and there were no written
pleadings. The case was finally tried in the county
court. From a judgment for $250.00 in favor of the
plaintiff, an appeal was taken to the court of appeals.

The first error complained of by appellant is the
refusal of the court below to give an instruction to
the jury as follows: "You are further instructed
that in arriving at the credibility of any of the wit-
nesses, you have a right to consider that at a previous
trial of this action their testimony was materially
different from that given in this trial, if you believe
from the evidence that it was different."

There was an admission by plaintiff that she had
testified differently at the trial of the cause in the
justice court. Upon some of the phases of this
case there was a direct conflict at the trial in the
evidence of plaintiff and of defendant, and the evi-

dence of neither was corroborated by any other witness.   Under such circumstances the defendant was entitled to the instruction and it was error not to give the same.   The testimony upon which such instruction would be based tended to impeach the recollection or truthfulness of the witness, and the instruction should have been given.—*Smith v. State*, 41 N. E. 595; *Faulkner v. Territory*, 6 N. Mex. 464.

But we think another and more serious error by the court was in not granting the motion of defendant to set aside the verdict of the jury, and in entering judgment for the plaintiff.   It is claimed by the appellee that the verdict of the jury was based upon conflicting testimony and that there was sufficient evidence to sustain it.   We cannot agree with this contention.   This court is thoroughly committed to the doctrine that where there is a verdict based upon conflicting testimony and there is sufficient evidence to sustain it, the court is bound by the verdict, but where there is not sufficient testimony it is not so bound.

It is somewhat difficult to determine, in the absence of written pleadings, what the plaintiff was attempting to prove at the trial in respect to the character of the contract existing between her and the defendant in relation to the sale of the property. We think, however, taking the testimony as a whole, that she was relying upon the proof of an express contract of employment to find a purchaser for the property.   We can only determine the issues from the evidence.   In cases of this character it is necessary to show a contract of employment.   It is undisputed that the plaintiff approached the defendant for the price of his farm; the conversation, she says, being had at his corral upon the property in question. At no time did he go to her or to her place of business to employ her as his agent, nor did he list the prop-

erty with her. She was conducting a general real estate business and testifies that he knew of this fact.

The statements of the plaintiff concerning her employment by the defendant conflict somewhat with each other, but amongst other statements she made the following, by which she is bound.—*Rankin v. Cardillo,* 38 Colo. 216; *Lawrence v. Weir,* 3 Colo. App. 401.

"I do not think there was anything said about commission between Mr. Clammer and me. I do not think the word commission was used between us. The matter of my compensation was first spoken of when I spoke to Mr. Clammer and asked him if he would pay my commission out of the first money. That was after the sale. That was the first time that the matter of compensation or commission was spoken of between us.

"When I first met him he said that he would sell the farm and that he wanted $8,000.00 for it. Nothing was said about commission at that time. The conversation occurred at the corral gate.  *  *  * The first recollection I have of any conversation with him is what I have just repeated at the corral gate. He did not say that he would sell the farm for $8,000.00 clear to him, nor that he would pay any commission. I do not think the word commission was mentioned between us. He did not state that he wished to receive $8,000.00 clear of all expenses; that I have no recollection of. I have no recollection of any such conversation near the Plummer farm. *  *  * After this property was sold I made a demand for $200.00."

The testimony of the defendant upon this point is in substance as follows:

"I was coming to town and met the plaintiff between the Plummer place and the Craig place two miles east of town. She stopped me and talked a

little and finally asked me if I wanted to sell my farm. I told her I did not. She says, 'I have a purchaser that wants that farm and won't look at any other.' I thought a while and said that if he wanted it bad enough to pay me what I wanted for it, he could have it. She asked me, 'What will you take for it?' I said I would take $8,000.00 net to me for the farm. She asked me about the mortgage and I told her about it and the interest, etc. I drove on and then called her and said, 'There is no misunderstanding that I am to have that much clear to me?' She said, 'No,' it was all understood, and drove on.''

The burden of proof was on the plaintiff, and as against the positive testimony of the defendant, she opposes the negative testimony that she has no recollection of such statements by the defendant. But considering her testimony as undisputed, and giving to it its fullest force and effect, we do not think it shows an express contract of employment. In obtaining the price of this property under the circumstances of this case, she obtained the net price. It was admitted that there was no contract as to compensation. It further appears from undisputed evidence that defendant at one time stated that after a given time, which the plaintiff thinks was two weeks, the price of the farm would be $9,000.00.

A question similar to the one before us, in many respects, was presented to this court in *Castner v. Richardson*, 16 Colo. 496, and in that case the court held that at most the plaintiff had but a naked verbal option for which he paid nothing and for which defendant received nothing, and we think that is the most plaintiff could claim in the case at bar. In the testimony adduced herein there is very little evidence upon either side, as appears in the abstract, concerning a contract of employment, practically no more than we have set forth, but much testimony was

received concerning the action of plaintiff in taking people to examine the place and that she sold the same for $8,000.00, and it is not denied that the sale resulted from her efforts. There is nothing, however, in this testimony from which an express contract of employment could be inferred, and if the testimony was material at all, it is in support of an implied contract. If the plaintiff was relying upon an implied contract, then the evidence falls short of supporting the verdict and judgment, because there was no evidence that the defendant knew or had reasonable grounds to believe that the plaintiff expected to be paid. Her actions and conversations concerning the matter are consistent with the theory that she was attempting to secure this farm for some special purchaser or to make the sale for her own benefit, and not as the agent of the defendant, and no contract, expressed or implied, can fairly be inferred from her acts in the matter.

In *Viley v. Pettit,* 96 Ky. 578, the court having a similar question under consideration, says:

"As argued, it is a general rule, founded upon common sense and common justice, that the law will imply both a request and promise by one who, knowing all the facts, stands by consenting, when it is his duty to object, to services rendered for his benefit and advantage by another. But in order to create liability, in absence of an express request and promise to pay, relation of the parties and circumstances under which the services are rendered must be such as to show not only that the services were for the benefit of the person receiving them, but that he knew, or had reasonable grounds to believe, the person rendering them expected to be paid therefor. And no better illustration of the danger and injustice of implying a request and promise to pay for services rendered, simply because no objection is made, could be offered

than is done by this case; for the very business appellant is engaged in, that of buyer as well as seller on commission of real estate, may exact from him allegiance and devotion to the exclusive interest of vendor or purchaser, as he may be employed by one or the other, and there is nothing in appellant's petition repelling the idea that he may not, in this instance, have been in the service of both buyer and seller of the land. It seems to us, that mere consent by one that another may render unsolicited services in relation to his business affairs, is not enough to raise an implication of request and promise to pay. There must be a distinct allegation of benefit and such condition and relation of the parties as to show an understanding or expectation by them that the services would be paid for."

We think this rule applies more strongly to the case at bar than to the one just cited. When she had solicited the price of the farm and defendant had named it with, as he says, the further understanding that this was to be net to him, he had a right to suppose that plaintiff was looking for her compensation elsewhere. As we have seen, this statement is not overcome or directly disputed. There is not sufficient evidence to support the verdict.

The judgment is reversed.  *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.