[No. 8600.]

## HUNT V. CATES.

1. APPEAL AND ERROR—*Judgment Not Supported by the Evidence*, will be reversed. (367.)

2. EVIDENCE—*Conversation Construed*, not to import a contract. (366, 367.)

*Error to Denver District Court.* Hon. GEO. W. ALLEN, Judge.

*Department.*

Mr. F. L. GRANT, for plaintiff in error.

Mr. BERT MARTIN, for defendant in error.

Opinion by Mr. Justice TELLER.

The defendant in error brought suit against the plaintiff in error on two causes of action: the first to enforce a mechanic's lien, and the second to recover for labor and materials alleged to have been employed and furnished for the repair of a hotel at Arrow, Colorado, at the special instance and request of plaintiff in error, the owner thereof.

The first cause of action was stricken out, and the case tried upon the second cause of action as above set out.

Plaintiff claimed $301.50 for labor and material, of which $7.30 was for material.

The jury returned a verdict for the plaintiff and assessed his damages at the sum of $200.00 and judgment was entered for that amount.

It is now urged that the verdict is against the law and the evidence.

From the record it appears that Hunt, plaintiff in error, owned a hotel at Arrow, Colorado, and in 1913 leased it for a year to one Schley, who was made a party to the action, but never served. Schley had also an option to purchase the hotel from Hunt. Schley employed Cates, the defendant in error, to manage the hotel.

Hunt went to Arrow to see in what condition the hotel was, he having told Schley that he would repair a leak in the roof, and replace a broken light of glass, before he gave Schley possession, if he found said repairs were needed. There he met Cates, who was up to that time a stranger to him.

Plaintiff Cates testified that he went to Arrow and there saw Hunt going into the hotel, that he followed him in,

and then relates some conversation with Hunt about the condition of the place. He testified to various remarks by Hunt as to the need of repairs, but nowhere does he say that Hunt said anything about his—Cates'—doing the work. He says he told Hunt that the roof needed repairs, and that Hunt replied that he had engaged one Malloy to fix the roof. He testified further as to a conversation with Hunt, when he, Cates, had called Schley by phone, but there is nothing in that conversation, as detailed, which tends to prove a contract or employment to make repairs. Cates testified that he made various repairs, but none of the items of their cost is given, the plaintiff merely stating: "The total amount of material and all was $301.50, between $7.00 and $8.00 was for material; that no part has been paid although demanded of Hunt."

Hunt testified that he did not know Cates, never employed him for any purpose, and that he had no agreement with Schley for repairs except as to a leak in the roof, and a broken window light, which repairs he employed Malloy to make.

Defendant in error contends that the verdict cannot be disturbed because it was rendered on a conflict of evidence. Such is not the case. The plaintiff's evidence is wholly insufficient to sustain the verdict, since it fails, giving it the most favorable construction possible, to establish a contract of employment.

That being the case, there is no rule of law which prevents this court from reversing the judgment. On the contrary, it is its duty so to do.

"A judgment which is but slightly supported by the evidence and manifestly against the weight thereof cannot be permitted to stand." *Rankin v. Cardillo*, 38 Colo. 216, 88 Pac. 170.

The judgment is reversed.

*Judgment reversed.*

Chief Justice GABBERT and Mr. Justice HILL concur.