JOHN HOPKINS, Appellee, v. J. W. CONVY, Appellant.

**TRIAL: Instructions—Testimony in Equipoise.** Refusal to instruct as 1 to the effect of testimony in equipoise will not constitute reversible error, when the court correctly and fully instructs as to the burden of proof.

**TRIAL: Instructions—Harmless Inconsistency.** One who has the bene- 2 fit of a correct instruction on a subject-matter may not complain that, in later instructions, the court introduced inconsistent elements which did not render the correct instruction less favorable to the complainant.

**EVIDENCE: Competency—Customary Charges as Evidence of Value.** 3 Evidence of the customary charges of brokers for services in the locality in question is competent on the issue of quantum meruit.

**EVIDENCE: Competency, Relevancy, and Materiality—Claim as After-** 4 thought. Evidence tending to show that a party's claim was an afterthought is relevant and material.

*Appeal from Des Moines Municipal Court.*—THOS. L. SELLERS, Judge.

APRIL 7, 1921.

ACTION to recover a commission for negotiating an exchange of real estate. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*Miller, Parker, Riley & Stewart,* for appellant.

*Mulvaney & Mulvaney,* for appellee.

STEVENS, J.—Plaintiff alleged in his petition that, during the year 1918, and for two years prior thereto, he was engaged in the business of buying, selling, and trading real estate in the city of Des Moines, and that, shortly prior to January 30, 1918,

he assisted the defendant to effect an exchange of certain resi-
dence properties owned by him in said city of Des Moines to one
Gibney, for a half section of land in Black Hawk County, Iowa.
Plaintiff does not claim that the defendant's city property was
listed with him for sale, or that he was employed by express con-
tract to represent the defendant, or that a commission was agreed
upon between them in advance. In an amendment to his petition
to make the pleadings conform to the proof, he alleged that the
defendant knew that he was a real estate dealer, agent, and
broker, and that he knew plaintiff was claiming to represent
him, and without objection permitted him to perform services
for him, resulting in the exchange of properties, as above stated;
and he asks judgment for the reasonable value of his services,
which he alleges to be $575.

The answer of the defendant is a general denial. The evi-
dence shows that the defendant met plaintiff several times at
the office of O. A. Luce Company, real estate dealers in Des
Moines, during the year 1917. At that time, defendant was nego-
tiating a trade of a farm owned by him in Buena Vista County
for the two residence properties, which he traded to Gibney.
Luce represented the defendant as agent in that transaction.
The defendant claims that he did not know that plaintiff was
engaged in the real estate business, except, possibly, as the em-
ployee or associate of Luce; that, during all of the negotiations
resulting in the execution of a written contract between himself
and Gibney, on January 30, 1918, he understood that plaintiff
and the Luce Real Estate Company were representing Gibney,
and it did not occur to him that plaintiff was his agent. It is con-
ceded that Luce was the agent of Gibney in this transaction.

The only witnesses introduced by either party who gave
testimony as to the services rendered by plaintiff were plaintiff
himself and the defendant.

I. It is urged by counsel for appellant that the plaintiff
wholly failed to establish the allegations of his petition by a
preponderance of the evidence, and that, at most, at the conclu-
sion of the testimony on both sides, it was in
equipoise. An instruction was asked to the effect
that, if the jury found that the evidence of both
plaintiff and defendant in respect to any particular issue, or as

1. TRIAL: instruc-
tions: testimony
in equipoise.

to *all* material issues in the case, was evenly balanced, then a verdict should be returned for the defendant. The court gave the instruction, in so far as it related to a particular issue, but omitted the portion thereof that applied the rule to all of the issues in the case. The court fully instructed the jury upon the burden of proof, and we do not think the defendant was prejudiced by the failure of the court to give the complete instruction as requested. The question as to whether the evidence was in equipoise, or whether the greater weight preponderated in favor of the plaintiff, was for the jury, and the instructions given were sufficiently definite and comprehensive to fairly submit the issue to the jury.

II. After stating the issues, the court, in numbered Paragraph 1 of its charge, instructed the jury that the burden of proof was on the plaintiff, and that, before he could recover, it was incumbent upon him to prove, "by a pre-
2. TRIAL: instructions: harmless inconsistency. ponderance of the evidence, * * * that, prior to February, 1918, the defendant knowingly and without objection permitted plaintiff to perform services for him in a real estate exchange, substantially as set out in plaintiff's statement heretofore read to you; that said services were of some value." This instruction is criticised by counsel, who requested the court to instruct the jury that:

"Before you can find for the plaintiff, he must establish, by preponderance of the evidence, that he actually rendered services to the defendant under such circumstances that the defendant must have known, had he acted as an ordinarily reasonable man, that the plaintiff was expecting to be paid for such services."

It has been the law in this state, since *Scully v. Scully's Exr.*, 28 Iowa 548, that:

"Ordinarily, and without more, where one person renders services for another which are known to and accepted by him, the law implies a promise on his part to pay therefor."

See *Shelton v. Johnson*, 40 Iowa 84; *Cowan v. Musgrave*, 73 Iowa 384; *In re Estate of Squire*, 168 Iowa 597; *Farmer v. Underwood*, 164 Iowa 587; *Snyder v. Nixon*, 188 Iowa 779.

The court, in some of its other instructions, repeated substantially the language of the requested instruction, and it is

argued by counsel for appellant that, therefore, these paragraphs of the charge are inconsistent with Paragraph 1 and with each other. There is some apparent inconsistency in the language of two or three paragraphs of the charge; but, conceding them to be inconsistent, as the court correctly stated the law in Paragraph 1, and as the elements introduced into the succeeding instructions did not make them less favorable to the defendant, he has no cause of complaint on account of the alleged inconsistency therein.

As already stated, it was the claim .of appellant that he did not know that plaintiff was claiming to represent him, or that he was expecting the payment of a commission, but that, on the other hand, he assumed and believed that he was operating for or with the O. A. Luce Company. The court apparently sought, by Paragraphs 3, 5, and 7 of the charge, to present this theory of the defendant's to the jury.

Except for the claim of appellant that he understood and believed that the plaintiff was representing Gibney, the jury could have found little difficulty in finding that defendant knew that the plaintiff was claiming to represent him in the transaction, in expectation of receiving compensation for his services. It was a fair question, under all the facts and circumstances appearing in the record, whether the defendant, as a reasonable man, should have known that plaintiff was claiming to be the agent of the defendant, or whether he was associated with the Luce Real Estate Company in the transaction. The court, in the first paragraph of its charge, instructed the jury that, if the defendant knew, and without objection permitted plaintiff to perform services for him substantially as stated in the petition, and the evidence further showed that said services were of some value, then plaintiff would be entitled to recover. In the succeeding instructions, the court evidently sought to embody the theory of defendant that he was not liable unless he knew, or as a reasonable man should have known, that the plaintiff was representing him, with the expectation of receiving a commission. Perhaps this proposition might have been emphasized, to some extent, by a different form of statement, but we are of the opinion that no reversible error is to be found in the instructions.

III.  It is further contended by counsel for appellant that the record contains no proof of the value of plaintiff's services. The proof offered upon this point was limited to the customary

**3. EVIDENCE: competency: customary charges as evidence of value.**

charges and commission paid for like services in Des Moines. No evidence was offered by the defendant upon this point. This evidence was sufficient to carry the issue to the jury. *Hess v. Hayes,* 146 Iowa 620.

IV.  Counsel for defendant sought to show, by the testimony of defendant, that, very shortly after the written contract was entered into, and before the papers were exchanged, plaintiff

**4. EVIDENCE: competency, relevancy, and materiality: claim as afterthought.**

proposed to the defendant that he trade the Black Hawk County land for some property near the city of Des Moines; that, in the conversation relating thereto, the plaintiff, in substance, stated to the defendant that, if such a deal was or could be made, he, the plaintiff, would be representing the defendant, and would expect to be paid a commission for his services in effecting such exchange. The court excluded this evidence, upon the objection of counsel for plaintiff. We are of the opinion that, while the probative value of this evidence might not have been very great, yet, in view of the fact that plaintiff relied entirely upon an implied promise to pay him a commission for services which the defendant contended were rendered, as he understood, by the plaintiff as an associate or member of the real estate firm of the Luce Company, it should have been admitted. It is possible for the jury to have inferred from this language of the plaintiff's that he was not claiming to represent the defendant in the transaction just closed, and that he wanted it understood that, in the suggested exchange, he was to represent the defendant, and would expect a commission. The fact that plaintiff should have deemed it necessary to take the precaution, at this time, to make it clear to the defendant that he would, in the new deal, represent him, and would expect a commission, is not without significance. The evidence relied upon by the plaintiff to prove knowledge upon the part of the defendant that he was claiming to represent the defendant, and that he would expect a commission in the transaction in suit, is somewhat meager; and, taking the record as a whole, we cannot say that the exclusion of

the offered evidence was not prejudicial. Furthermore, while the instructions were technically correct, they were, to some extent, lacking in clearness and consistency. For the error pointed out, the judgment of the court below is—*Reversed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.