MRS. J. B. REEVE, Appellant, v. J. C. SHOEMAKER, Appellee.

**BROKERS:** Employment—Failure to Show Agency.  A broker is not
1   entitled to recover a commission on the ground that he procured
a purchaser for property when he fails to show, expressly or im-
pliedly, any agency to find such purchaser.

**BROKERS:** Compensation—Sale by Owner.  An owner of property
2   may in good faith effect a sale of his own property without lia-
bility to a broker with whom the owner has expressly or impliedly
listed it.

**BROKERS:** Compensation—Broker as Nonprocuring Cause.  A broker·
3   is not entitled to a commission when he was not the procuring
cause of the sale.

**BROKERS:** Authority—Revocation by Death of Agent.  The author-
4   ity of a broker to find a purchaser for the owner of property is
necessarily revoked by the death of the agent, and this is true
when the broker is a partnership and a member thereof dies.

Headnote 1:  9 C. J. p. 554.  **Headnote 2:**  9 C. J. p. 575.  **Headnote**
3:  9 C. J. p. 611.  **Headnote 4:**  9 C. J. p. 522 (Anno.)

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

NOVEMBER 17, 1925.

ACTION for commission for securing purchaser for real
estate.  Directed verdict for defendant, and plaintiff appeals.—
*Affirmed.*

*E. A. Lingenfelter,* for appellant.

*Parrish, Cohen, Guthrie & Watters,* for appellee.

MORLING, J.—Defendant, Shoemaker, sold a lot to Welch.
Plaintiff, as surviving partner of her husband, J. B. Reeve,
claims that she or her firm secured the purchaser, and is en-
titled to a commission.  Plaintiff produced a book kept by Reeve
and herself, in which this lot was listed.  She does not claim that
the listing was made with her.  She offered to testify that, in a

conversation between Mr. Reeve and the defendant in June, 1922, overheard by her, "J. B. Reeve advised the defendant that he expected to make a sale of defendant's lot, and defendant says, 'All right.'" She did not offer to testify that Reeve gave the name of the purchaser, or said that he expected to sell to Welch. It does not appear that Welch's name was ever mentioned by plaintiff or by J. B. Reeve to defendant. Welch had known defendant for twenty-five years, had seen defendant's sign on the property, and knew defendant was the owner of it and had it for sale. He never saw Reeve's sign on the lot. He testifies:

"As I went by there with Mr. Reeve, he called me to stop and look at it, and I stopped. * * * Q. Nothing Mr. Reeve said or did to you that induced you to buy it? A. No."

The purchaser says he called Mr. Shoemaker up, and then, when he was ready to buy it, Mr. Shoemaker came to his place. He talked over this lot with him, and made him an offer. Mr. Reeve, or that he had shown the lot to Welch, was not mentioned. Welch and Reeve had looked at the property in question with other property, at some time not disclosed. Plaintiff never showed the lot to Welch, though she says she talked with him a good many times before the sale; talked with him about it in February, 1923, "after Mr. Reeve was not able to talk to him. At this time I spoke to Mr. Welch and asked him if he would consider the Shoemaker lot, and he said he liked the Shoemaker lot, but his sister didn't like it; and I spoke to him several times afterwards. I saw him at least five or six times between that time and the time the sale was made."

Welch had never talked with defendant about the lot before he looked at it with Reeve. He says:

"I don't remember just exactly how soon after that I talked to Shoemaker about this lot. I was looking for a place to buy for about a year before I bought one. I don't think Mr. Reeve ever gave me a price on it. He talked to me about what it could be bought for,—somewhere around $10,000."

Welch says that at that time he did not consider it. It was quite a while after he looked at the lot before he went to Mr. Shoemaker.

Mr. Reeve died in March, 1923. Mr. Welch purchased the lot directly of defendant May 24, 1923, for $9,000.

1. The existence of a contract of employment is essential to the right of a broker to a commission. *Welch & Griffin v. Collenbaugh,* 150 Iowa 692. The evidence does not show that

1. BROKERS: employment: failure to show agency.

the defendant knew that the plaintiff or Reeve claimed to have the property listed as his agent, or to be acting as his agent. The offer of testimony that was rejected is merely that Reeve advised defendant that they expected to make a sale of defendant's lot, and defendant said, "All right." There is no evidence or offer of evidence that the defendant knew that Reeve was claiming to act as his agent, or that defendant ever agreed or expected to pay a commission. Defendant was not bound to forbid the agent from showing his property. Reeve might have been acting for an intended purchaser, so far as any knowledge of the defendant to the contrary is shown. It is not necessary that a property owner, in order to protect himself from liability for commission, be abrupt or discourteous, or declare to every broker that approaches him that no employment exists, when the broker is equally cognizant of the fact. *Welch & Griffin v. Collenbaugh,* 150 Iowa 692; *Viley v. Pettit,* 96 Ky. 576 (29 S. W. 438); *Castner v. Richardson,* 18 Colo. 496 (33 Pac. 163); *Stevens v. Bailey & Howard,* 149 Ala. 256 (42 So. 740); *Clammer v. Eddy,* 41 Colo. 235 (92 Pac. 722); *Harris Bros. v. Reynolds,* 17 N. D. 16 (114 N. W. 369).

2. The ground of the plaintiff's claim is not the production of a purchaser ready, able, and willing to buy, but that she actually secured the purchaser. The employment of the plaintiff

2. BROKERS: compensation: sale by owner.

by the defendant, if there had been an employment, would not have been a renunciation or abdication of the defendant's right to sell, as an incident of his ownership. *Gilbert v. McCullough,* 146 Iowa 333; *Bente v. Boden,* 195 Iowa 669; *Hedges Co. v. Shanahan,* 195 Iowa 1302.

3. The defendant had the right to make a sale himself. He had, so far as shown, no knowledge that the plaintiff or her firm had had anything to do with finding Welch as a purchaser.

**3. BROKERS: compensation: broker as nonprocuring cause.** There is no evidence that the plaintiff or her firm was the efficient cause of the sale. The evidence is that the defendant himself sold the property, as he had the right to do, under his reserved power, for a lower price than the price named by Reeve. For all that appears to the contrary, the sale was in good faith, and without knowledge of any effort on Reeve's part in finding or procuring Welch as a purchaser. The evidence is that Reeve told the purchaser that the property could be bought for "some place around $10,000." Neither the testimony received nor that offered would show that the defendant was notified that Welch was Reeve's customer, or that Reeve was negotiating with Welch. The sale was actually made by defendant for $9,000, and the evidence shows that the purchaser dealt with the defendant, whom he had known for twenty-five years, and whose ownership of the property he knew, and was not induced to make the purchase by anything that Reeve said or did. Plainly, Reeve or his company was not the procuring cause of the sale. *Gilbert v. McCullough,* 146 Iowa 333; *Blodgett v. Sioux City & St. P. R. Co.,* 63 Iowa 606; *Kruse & Bishop v. Hauser,* 153 Iowa 661; *Seevers v. Cleveland Coal Co.,* 158 Iowa 574. The insufficiency of the plaintiff's proof is emphasized by the fact that the alleged listing is not claimed to have been with the plaintiff, but with J. B. Reeve. It does not appear that defendant knew that Reeve and the plaintiff were partners. The agency of Reeve, if there had been one, or of the partnership, was revoked by Reeve's

**4. BROKERS: authority: revocation by death of agent.** death, March 12, 1923, while the property was not sold until May 24, 1923. *Welch & Griffin v. Collenbaugh,* 150 Iowa 692; *Viley v. Pettit,* 96 Ky. 576 (29 S. W. 438); *Castner v. Richardson,* 18 Colo. 496 (33 Pac. 163); *Stevens v. Bailey & Howard,* 149 Ala. 256 (42 So. 740); *Clammer v. Eddy,* 41 Colo. 235 (92 Pac. 722); *Harris Bros. v. Reynolds,* 17 N. D. 16 (114 N. W. 369). The plaintiff claims that she "talked with" the purchaser in February, "after Mr. Reeve was not able to talk to him." The defendant is not shown to have known anything about this. It is not a case of wrongful revocation of an agency, but a revocation by operation of law, and a subsequent sale by the owner, apparently in good faith, to a purchaser who he would not reasonably be expected

to know had been found by the deceased agent, if any agent there was.

We have considered the case as if the original evidence had been received, and it is not necessary to consider its admissibility.

The judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and ALBERT, JJ., concur.