H. H. Northrup, Appellee, v. O. P. Herrick, Appellant.

MAY 15, 1928.

REHEARING DENIED NOVEMBER 16, 1928.

*C. E. Hunn* and *H. S. Hunn*, for appellant.

*Stipp, Perry, Bannister & Starzinger* and *D. D. Holdoegel*, for appellee.

ALBERT, J.—It is the claim of the plaintiff that he was employed by the defendant as agent or broker, to purchase or to assist the defendant, Herrick, in the purchase of the Des Moines Buick Automobile Company, then owned by Huff and Sidles, of Omaha, Nebraska. Plaintiff alleges that he performed the services, and under a *quantum meruit* is entitled to a reasonable compensation therefor. The jury returned a verdict for $2,250 in favor of the plaintiff, on which judgment was entered. Defendant appeals.

The court instructed the jury that the burden of proof was upon the plaintiff, to establish each and all of the following propositions:

(1) That the defendant did, by oral contract, employ the plaintiff to purchase for him the Des Moines Buick Automobile Company.

(2) That the defendant did in fact purchase the Des Moines Buick Automobile Company.

(3) That the plaintiff was the procuring cause of the purchase of the Des Moines Buick Automobile Company by the defendant.

(4) The reasonable value of the services rendered by the plaintiff for the defendant in acting as the procuring cause of said purchase.

The first contention of the defendant is that there is no evidence to show that a contract of employment existed between the plaintiff and the defendant. It goes without saying that, if there is no evidence to establish a contract, plaintiff must fail.

Our latest pronouncement on this question is *Reeve v. Shoemaker*, 200 Iowa 983. See, also, *Welch & Griffin v. Collenbaugh*, 150 Iowa 692. We have read the record, and find that there is sufficient evidence to take this question to the jury.

The next contention of the appellant is that the evidence does not establish that plaintiff was the procuring cause of the purchase. There is some evidence in the record tending to show that Herrick was the real purchaser of the property involved; that he solicited Northrup to purchase, or to aid in the purchase, of the same from the Omaha people; and that, through the efforts of Northrup, the Omaha owners came to Des Moines, and negotiations extending over several days' time were carried on at the office of Northrup, in which Northrup participated in behalf of the defendant, Herrick; and that, as a result thereof, Herrick purchased the property and paid for the same. Under this record, it then became a question for the jury to determine whether or not Northrup was the procuring cause of the purchase. The court properly submitted both of these questions to the jury, and so far in the record there is no error.

Plaintiff having sued on a *quantum meruit*, the question for the determination of the jury was, What was the reasonable value of the services performed? This question was submitted to the jury, under a proper instruction. Appellant complains, in relation thereto, that certain testimony was permitted to be introduced by the plaintiff to the effect that 5 per cent of the purchase or sale price was a reasonable commission; and also that, because plaintiff testified that he put in 30 days' work in connection with this matter, and, when working on a per-diem basis, received $10 to $25 per day, in no event should he be entitled to recover more than $750. That there was no error in this, see *Sample v. Rand*, 112 Iowa 616; *Hess v. Hayes*, 146 Iowa 620; *Hopkins v. Convy*, 191 Iowa 402; 9 Corpus Juris 580.

One other question is urged upon our attention, and that is an instruction with reference to what would be reasonable compensation for the services. The jury was advised that they might take into consideration their own common sense and experience in life, if any they had along this line, which would assist them in determining that question, and from all these, ar-

rive at what the reasonable, just, and fair compensation would be to the plaintiff, if any, for the services rendered in the case. That there was no error in this instruction as given is evidenced by our ruling in *Hoyt v. Chicago, M. & St. P. R. Co.*, 117 Iowa 296.

We find no error in the record.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.