### NABORS *versus* NABORS.

While a mere entry or statement of the name of a case, and of the counsel prosecuting and defending it, not shewn by whom made, (not being such an entry of appearance as is required by the rules of Court,) or the giving of a replevy bond, (in an action of detinue,) or the filing of a plea in abatement to the writ; are not, in either case, such an appearance as will waive the right of an objection to an abateable defect in the writ: Yet, a plea to such defect, to be available, must appear to have been submitted at the proper time, in the proper place, and in the mode prescribed by the statute,

This action, being detinue, was instituted in the Circuit Court of Shelby, by the defendant in error, to recover possession of certain slaves.

An objection, by plea, was made to the writ, that it was returnable to a day in February, when, by law, it should have been to March. The Court below, rejected the plea, and a writ of error was taken to this Court, where the defect in the return of the writ, was insisted on, as error.

The record showed the statement of an entry of the title of the cause, the nature of the action, and the names of prosecuting and defending counsel. It also disclosed, that the defendant had replevied the slaves, and given the usual bond required in such cases.

MOODY and STEWART, for Plaintiff in error—Contended, that the writ was returnable to an improper day: it required the appearance of the party at a time when there was no Court. The question arises,

was the writ good? It required that, which there was no legal authority for requiring. No obedience to it would have been of any avail: it was, therefore, an unauthorised and illegal writ. But the defendant below, gave bond, according to law, that he might retain the possession of his property; and it may be said that this was a waiver of the error in the writ. He gave bond under coercion: he was bound to give bond. This, then, could be no waiver of any right; for a waiver must always be voluntary. It may also be contended, that the entry of the name of Mr. *Mardis* on the docket, as attorney for the defendant, was a waiver of the error. This was no appearance, in the legal sense of the term. The docket is no part of the record. A rule has been adopted by this Court, that a book shall be kept for entering appearances, in the Circuit Courts, and the attorney shall state for whom he appears, and the date of his appearance. No such appearance seems to have been entered in this case; and yet, if such appearance had been entered, it is not admitted that it would have been any waiver of the error in the writ. The party appears for his own defence—not on the merits, but against the illegal prosecution: he appears, not to enter into the question of property, but to shew that he has no right to be called on to answer under the circumstances of the case. Shall a party be entrapped by conformity to the rule?

At a subsequent term, a plea in abatement was offered, setting forth the error of the writ; but it was rejected by the Court. The offering of this plea cannot be a waiver of the required notice. An appearance to file such a plea as this, is no appearance to bind the party, otherwise no error of the kind now under consideration could ever be taken advantage of. The attempt to take advantage of it, would cure it.

But here the plea was not received, and ought not, in fact, to be in this record ; and not being received, it ought not to be used to prejudice the party.—2 *Stewart* 41.

PECK, *contra*—Insisted, that the plaintiff in error, was standing, in support of his rights, on a mere technicality. True, there is an error in the writ, as to the time of holding Court. It is a mere clerical misprision. The giving of the bond, by which the party had his property returned, was a sufficient waiver of the objection. And the entering of the party's name, by attorney on the docket, was a sufficient appearance to cure the defect. It shewed the defendant was apprised of the holding of the Court in due time—that he knew the proper term, and recognised it by his own act. If this were not sufficient, the plea in abatement would be. The appearance cures the clerical error. The object of the writ is to bring the defendant into Court ; and the offering of a plea shews that the object of the writ has been effected. The giving of the bond, entering of the attorney's name on the docket, and finally, the offering of the plea, all sufficiently shew, that the defendant knew of the suit, of the Court to which it was brought, of the nature of the action, and when and where he might appear to defend.

The clerk says, that at the May term, the following appearances were entered : " *Nabors* vs. *Nabors. Peck*, for Plaintiff—*Mardis*; for defendant." This is a substantial compliance with the rule : it is a literal compliance, except as to the day when the appearance was entered. Does not this record shew, that the party was present, and employed counsel ? The record shews, that these appearances were entered before the declaration was filed. If the defendant be-

low, had intended to treat such writ as a nullity, and had entered no appearance, the plaintiff would then, probably, have discontinued his action. Shall the defendant be allowed to entrap the plaintiff, by a defective appearance ? If the appearance is defective, it is the party's own wrong, of which he cannot be allowed to take advantage.

As to the plea in abatement, it is not contended that a defendant cannot take advantage of a defect in the writ, without injuring his rights by appearance; but it is urged, that if he fail to succeed in such attempt, he is shewn to have been in Court, which amounts to an appearance. The filing of a plea in abatement is an appearance. Here, the defendant filed his plea; but it was not in time, and it was therefore rejected by the Court. He cannot then turn round, and say he is not in Court.

The law requires an endorsement of the cause of action on the writ; but the Court has decided, that no advantage can be taken of this defect, unless taken at the appearance term.—2 *Stewt.* 130. This, like the case before the Court, is a defect in the writ. So, here, the defect should have been taken advantage of at the return term of the writ: the plea was offered at the trial term.—See 3 *Peters,* 459.

By Mr. Justice HITCHCOCK :

This is an action of detinue, brought by William Nabors, against the plaintiff in error, for two negro slaves. The writ was issued on the first day of November, 1830; and is made returnable on the "*fifth Monday after the fourth Monday in February*," then next, when it should have been, *fifth Monday after the fourth Monday in March then next.* The negroes were replevied by the defendant—and bond given under the statute, by the defendant—who kept possession

of the negroes. The condition is such, as is usual in
such cases. At the May term, 1831, which was the
*return term* of the writ, it being the first Circuit Court,
by law, to be held after the issuing of the writ, the
clerk states the following entries : " At the May term,
1831, of said Court, the following appearances were
entered, to wit :

*Peck,* 　 ⎰ 　 William Nabors 　 ⎱
　　　　　　　　 *vs.* 　　　　　 *Detinue.*"
*Mardis.* 　 ⎱ 　 Samuel Nabors. 　 ⎰

There is nothing else to show any appearance by
the defendant, by himself, or by counsel. The plain-
tiff filed his declaration at this term, and the cause
was continued.

At the October term, following, the plaintiff moved
the Court to reject a plea, which appears to have been
found among the papers of the suit, because there was
no endorsement by the clerk of the Court, showing
that the plea had been filed within the time allowed
for pleading. This plea is entitled of the May term,
1831, of the Court, was sworn to on the 29th of Octo-
ber, 1831, and is a plea in abatement to the writ, by
the defendant in his own proper person, and alleges
for matter of abatement,—that by the act of the 16th
of January, 1830, the Circuit Court for Shelby Coun-
ty, was required to be held on the fifth Monday after
the 4th Monday in March, and not on the 5th Monday
after the 4th Monday in February, as is alleged in the
writ; and that, because the proper term of the said
Court is not set forth in the writ, he prays that the
same may be quashed. This plea was rejected by
the Court; and the defendant refusing to plead to the
action, a judgment by default was taken, and a writ
of inquiry was awarded, and judgment for the plain-
tiff for the negroes, and for damages for the detention.

The defendant has brought the case to this Court,

by writ of error ; and has assigned for error, the insufficiency of the writ, it being made returnable at a time when there was no Court.

It is admitted the writ is defective; but the defendant in error insists that the defect has been cured by the appearance by the defendant, by himself and counsel.

1. Because the giving of the replevy bond, is an appearance in law.

2. Because the statement of the clerk, shews that Mr. Mardis was substantially entered as his counsel at the return term; and,

3. Because the filing of the plea in abatement, is a sufficient appearance.

The Court does not consider either, or all of the above reasons a sufficient answer to the objections to the writ. The giving of the replevy bond, was a matter necessary to recover possession of the negroes, who had been taken into the custody of the sheriff by virtue of the writ, and without that they would have gone into the possession of the plaintiff, who had given the necessary bond on procuring the writ. It was not such a voluntary act as manifested an intention to waive the defect of the writ, and cannot be insisted on as such.

The alleged appearance of Mr. Mardis, is not such as is required by the first general rule, adopted in July, 1830, for the government of proceedings in the Circuit Court. That rule requires the clerk to keep a " Book of Appearances," in which, counsel desiring to appear in any suit, shall make in said book, or cause the clerk to make, an entry of his name, stating the cause in which he wishes to appear, the party or person for whom he appears, and the date of the entry. Such entry is considered an appearance.

The statement in this record does not furnish any one of these particulars, in the manner pointed out by

the rule. It does not shew by whom, when, or on what the entry was made. It does not come up to [a]Ala. Rep 31. the decision in the case of *Cain* vs. *Sullivan*,[a] cited by the defendant's counsel; for there, it appeared, the entry was on the docket. This rule was intended to remedy the mischiefs growing out of that decision; and the Court cannot relax its provisions by intendment. An appearance made and certified under this rule, would bind the party. It would be a voluntary appearance, and would cure all defects of an anterior date, not taken advantage of in time.

Neither can the Court consider the appearance by the defendant, as set forth in the effort to get the benefit of the plea in abatement, as such voluntary appearance as will, in the event of failure, cure the defect. To say that a party who appears to assert a defence upon an alleged defect in the proceedings, not going to the merits of the action, shall be precluded from having the benefit of an examination in a higher tribunal, into the validity of that defence, because he fails, in his efforts below, would be unjust in the extreme. By this mode of reasoning, if he fails, he has cured the defect by making the point, and if he pleads over, he cannot assign it for error here. He is, therefore, virtually precluded from trying his defence at all. If the defect is such an one as is properly the subject of an assignment of error, his having failed in endeavoring to assert his right in the Court below, ought not to preclude his being heard here.

But the Court is not satisfied that the defect in this writ, is such, as can be assigned for error in this Court. By the act, regulating the issuing of process,[b] [b]Aik. Dig.278. " All original process shall be issued by the clerk, and shall be *returnable to the first day of the term*, be served five days before the term ; and where the

process issues within five days of the beginning of a term, it shall be made returnable to the next term after that then to be held;" and, "all writs and process issued, *made returnable*, or executed, in any other manner, *or at any other time, may be abated* on the plea of the defendant."

It will not be contended, that an error in the return of a writ, makes the writ *de facto, a nullity:* it is defective, and may be *abated by plea.* But if it have all the other essential qualities necessary. to constitute a good writ—if it be signed and tested by the clerk—be directed to the sheriff—describe the Court properly—have proper parties—and contain a proper cause of action, it shall not be rejected by the Court *ex officio.* The statute has not declared such a writ void. It contemplates the possibility of errors, in the acts of the clerk, and provides a remedy, by which the defendant shall be permitted to avail himself of the defect, and get the benefit of the delay.

By reference to *Bacon's Abridgment*,[a] it will be seen, that such acts as make a writ void, are those which shew that nothing can cure the defect—such, as that no judgment could be rendered thereon. The term used in our statute, that a writ thus defective, *may be abated*, is understood by the Court, to be synonymous with *must be* abated; and excludes the idea of any other mode of taking advantage of the defect. Where a party has been served with process, it is a notice to him, which puts him upon his defence. If he discover a defect which renders the writ void, he may disregard the process; and if judgment be rendered against him below, he may come here and get redress. But if the defect be only an abateable one, *by plea*, he must apply himself to his defence at the proper time, in the proper place, and by the mode prescribed by the statute. And if he neglect those

[a] T't'e, Abatement, letter K.

22

requisitions, the law considers him as having waived his privilege; and this Court, sitting here to revise the proceedings of the other tribunals, is not authorised to consider itself at liberty to overturn proceedings, of which those tribunals have had full cognizance, for technical defects, when the party has negligently, or pertinaciously refused to make his defence at the proper time, and after a full opportunity has been afforded him. This Court has often looked into a writ for the purpose of amendment; but no case is to be found, where it has reversed proceedings upon an assignment reaching only to an abateable defect in a writ, where all other proceedings are regular.

In this case, the writ was served, and was returnable before the regular term. The declaration was filed in time—the defendant was fully apprised of it—but for a technical defect would have appeared by counsel—had a continuance—attempted to get the benefit of the plea of abatement; but does not pretend he was in time, and does not assign as error, the rejection of his plea—is required to plead over—refuses—stands by and permits a judgment, without attempting a defence—and has now come here, and wishes to avail himself of a defence, which, at no time is favored by the law, and which has, so far as I am acquainted, never been allowed in a Court of Error; and which, while this Court is, as at present composed, will not be allowed.

Let the judgment be affirmed.