(93 South. 564)

**OVERTON v. HARRISON.    (8 Div. 440.)**

(Supreme Court of Alabama.    April 20, 1922.
Rehearing Denied May 25, 1922.)

**1. Brokers ☞88(2)—Denial of employment as claimed held to merely carry question to jury.**

In a suit for compensation as a real estate agent, a denial by defendant that there was any employment as claimed by plaintiff merely serves to carry the disputed fact to the jury.

**2. Brokers ☞63(1)—Compensation for procuring purchaser not defeated by refusal to sell because owner's brother objects.**

A broker's right to compensation for procuring a purchaser for an interest in property cannot be defeated by a refusal to accept the purchaser because the owner's brother objects to the sale.

**3. Brokers ☞88(2)—Revocation of power to sell before purchaser procured held for jury.**

Evidence *held* to present a question for the jury as to revocation of power to sue before a purchaser was procured.

**4. Brokers ☞88(3)—Whether conditions as to a lease was made a condition precedent to sale and whether purchaser acquiesced held for jury.**

Evidence *held* to present questions for the jury as to whether conditions as to a three-year lease on property were made a condition precedent to a sale and whether the purchaser acquiesced therein.

**5. Principal and agent ☞143(2)—Agent's contract to sell held to come within general rule in favor of undisclosed principals enforcing contracts.**

A contract by an agent to sell property without the owner's knowing that he is acting for a land company comes within the influence of the general rule authorizing an undisclosed principal to enforce the contract made by his authorized agent, and not within the exception thereto when the contract involves elements of personal trust and confidence or personal skill.

**6. Brokers ☞88(5)—Evidence held to warrant inference by jury that failure of agent to disclose name of proposed purchaser was waived.**

Whether or not it was material that an agent should have disclosed the name of a proposed purchaser, it could be reasonably inferred by the jury, from evidence tending to show that the owner made no inquiry as to the purchaser and indicated no interest therein, that the agent's failure to do so was waived.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by A. E. Overton, doing business in the name of Overton Land Company, against R. S. Harrison. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

R. E. Smith and White & Watts, all of Huntsville, for appellant.

If there is a scintilla of evidence for plaintiff, it is error to give affirmative charge for defendant. 202 Ala. 681, 81 South. 637; 204 Ala. 297, 85 South. 535; 17 Ala. App. 290, 84 South. 545. A proposal to sell real estate on certain terms, although revocable, becomes effective, if accepted and acted on before revocation. 175 Ala. 448, 57 South. 739. A real estate broker performs his obligation under the contract when he finds a purchaser ready, willing, and able to buy upon the terms proposed by the owner. 177 Ala. 636, 59 South. 286; 19 Cyc. 242. The principal, though undisclosed, is invested by the authorized act of the agent with every right arising out of the contract, as perfectly as if the principal had made the contract in his own person. 152 Ala. 571, 44 South. 642, 13 L. R. A. (N. S.) 156, 15 Ann. Cas. 237.

J. H. Ballentine and Spragins & Speake, all of Huntsville, for appellee.

Authority to sell may be revoked at any time before sale. 163 Ala. 533, 50 South. 915, 136 Am. St. Rep. 88; 157 Ala. 585, 47 South. 1014; 73 Ala. 372. Where broker asks and obtains a certain price of real estate from the owner, that does not show a contract of employment. 149 Ala. 256, 42 South. 740; 47 Ala. 345; 130 Mo. App. 605, 109 S. W. 1037. Notice by the broker to the owner that he has sold the land, or has found a purchaser, without disclosing the purchaser's identity, is not sufficient. 61 Or. 276, 118 Pac. 205, 122 Pac. 298.

GARDNER, J. Appellant brought this suit against appellee for the recovery of compen-

sation as real estate agent for services rendered in procuring a purchaser of defendant's one-half interest in certain business property in the city of Huntsville.

The complaint contained the common counts and a special count as for a breach of a contract therein set forth. Upon the conclusion of the evidence the court, at the request of the defendant, gave the affirmative charge in his favor; and from the judgment following the plaintiff prosecutes this appeal.

[1, 2] The action of the court in giving the affirmative charge is the only question presented here for consideration. The evidence shows that one England was representing the Overton Land Company, engaged in the real estate business in the city of Huntsville. England's testimony suffices to establish an agreement on the part of the defendant that he (agent) could sell the defendant's interest in the property in question for $7,500 net to the defendant; the amount above that sum being retained as the agent's commissions. True, defendant denies there was any employment, but this merely serves the purpose of carrying the disputed issue of fact to the jury for determination. Plaintiff's evidence further tends to show that a purchaser was secured first in the person of one Hood, but, as Hood was unwilling to pay the entire sum in cash, that trade could not be consummated, and another purchaser was secured (a Mrs. Leary), who was willing to pay $8,000 for the property in cash, $500 of which was tendered to the defendant with the offer of the balance upon the execution and delivery of the deed. Plaintiff's evidence tended to show that Mrs. Leary was able, ready, and willing to consummate the purchase, but that defendant declined to do so, stating that his brother objected to the sale.

In Rike v. McHugh, 188 Ala. 237, 66 South. 452, is the following:

"The general rule of law is everywhere recognized to be that, 'to entitle an agent or broker to commissions, he must show that he procured a purchaser who was able and ready to comply with the terms and conditions of sale.'"

And in Handley v. Shaffer, 177 Ala. 636, 59 South. 286, the court said:

"But if the broker is to procure a purchaser on specified terms, and does procure one who is able, ready, and willing to buy on those terms, he is entitled to the compensation agreed on, although, by reason of his principal's fault or refusal, the sale is in fact never made."

As said in 18 Cyc. 246:

"The principal cannot by a capricious failure to accept such a purchaser defeat the broker's right to compensation."

See, also, Kellar v. Jones et al., 196 Ala. 417, 72 South. 89; Stevens v. Bailey et al., 149 Ala. 256, 42 South. 740; Sayre v. Wilson, 86 Ala. 151, 5 South. 157.

[3] It is insisted by counsel for appellee that, if authority was given for the sale, it was revocable, and was in fact revoked before a prospective purchaser was secured, citing, among other authorities, Cronin v. Am. Sec. Co., 163 Ala. 533, 50 South. 915, 136 Am. St. Rep. 88.

It is to be conceded, of course, that the power to sell was revocable, but the evidence for the plaintiff tended to show that this authority was accepted and acted upon and a purchaser actually secured thereunder before a revocation on defendant's part. Under these circumstances, therefore, it presented an issue for the jury. Moot v. Jackson, 172 Ala. 448, 55 South. 528; Handley v. Shaffer, supra. Indeed, it could be very reasonably inferred from the plaintiff's evidence that there was no specific revocation until the time of the refusal of the defendant to consummate the sale.

[4, 5] It is further insisted by appellee that the affirmative charge was properly given upon the theory there were certain conditions as to a three-year lease upon the property, and that it was not made to appear that the proposed purchaser had accepted these conditions. We are of the opinion, however, that it was open for the jury to infer from the testimony of England that the question of lease was not made a condition precedent; but, even if it was, it could further be inferred from the evidence by the jury on the cross-examination of this witness that he had informed Mrs. Leary in regard thereto, if she had acquiesced therein. This was also a jury question. Defendant states, and it is without dispute, that he did not know England was representing Overton Land Company; but this would not entitle him to the affirmative charge. As said by this court in Birmingham Matinee Club v. McCarty, 152 Ala. 571, 44 South. 642, 13 L. R. A. (N. S.) 156, 15 Ann. Cas. 237:

"As a general rule, the principal, though undisclosed, is invested by the authorized act of the agent, for the benefit and advantage of the principal, with every right and burdened with every liability arising out of or pertaining to the contract as perfectly as if the principal had, in his own name and person, made the contract. * * * But this rule is subject to an important exception, viz. that if the contract involves elements of personal trust and confidence, as a consideration moving from the agent (of the undisclosed principal), contracting in his own name, to the other party to the contract, the principal, while it remains executory, cannot, against the resistance of the other party, enforce it, either to compel performance by the other party or in damages for a breach."

We are of the opinion that the instant case comes within the influence of the gener-

al rule authorizing an undisclosed principal to enforce the contract made by his authorized agent, and not within the exception to the rule as above stated.

In the McCarty Case, supra, the element of trust and confidence concerned the financial responsibility of the agent who was to grant by warranty deed an unincumbered title. In the present case it was open for inference that there was involved in the transaction no element of personal trust or confidence, nor even any elements of personal skill. Furthermore, as between the parties to this suit, the plaintiff's evidence tended to show that the contract was no longer executory, but had been fully executed by the plaintiff, and all that remained to be done was the payment of compensation by the defendant. Maples v. Morring, ante, p. 352, 92 South. 470, present term.

[6] Much is said in argument of counsel for appellee upon the failure on the part of the agent to disclose the name of the proposed purchaser. All the authorities agree, of course, that the agent must act in perfect good faith and must conceal no essential fact. Under the evidence in this case it will be seriously questioned that the failure of the agent to give the name of the proposed purchaser was a matter of any material consequence. Corpus Juris, 615, 616; Duclos v. Cunningham et al., 102 N. Y. 678, 6 N. E. 790. But, whether so or not, it could be very reasonably inferred by the jury from the evidence such had been waived by the defendant (9 Corpus Juris, 627; Sayre v. Wilson, supra), for the evidence tends to show that the defendant made no inquiry as to the purchaser and indicated no interest therein, but based his refusal to consummate the trade upon another ground. Speaking to this question the New York Court of Appeals in Duclos v. Cunningham, supra, said:

"No such objection was taken at the time by the defendants, and, had it been, the difficulty, no doubt, would have been obviated at once by the plaintiff disclosing the name of the purchaser. Even if ordinarily a broker is required to furnish the name of the purchaser as a condition precedent to his right to claim commissions on the sale, as the defendants interposed no objection on that ground and absolutely disavowed the sale, they waived the right to insist upon any such condition."

We have reached the conclusion that the trial court erred in giving the affirmative charge at the request of the defendant, and the judgment will therefore be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.