54 So.2d 709

**PENNEY et al. v. SPEAKE.**

8 Div. 563.

Supreme Court of Alabama.

Oct. 18, 1951.

Eystér & Eyster, Decatur, for appellants.

Julian Harris and Norman W. Harris, Decatur, for appellee.

LAWSON, Justice.

Plaintiff below, H. R. Speake, on October 14, 1946, filed his suit in the circuit court of Morgan County against J. E. Penney and Kate M. Penney, claiming the sum of $1,500 with interest, which he alleged to be due him as a result of his effort to sell certain real estate situate in Decatur, Morgan County, which belonged to the defendants.

Summons was issued by the clerk of the court on the day suit was filed, but service was never had on either defendant due to their illness.

The defendant Kate M. Penney died testate on or about July 17, 1947. On No-

vember 12, 1947, plaintiff made known to the court that Kate M. Penney had died and that Paul M. Penney was appointed executor by the probate court of Jefferson County on August 19, 1947. Plaintiff prayed that the cause be revived against Paul M. Penney, as executor, and that a citation issue to him requiring him to appear within thirty days and defend the cause in the place of Kate M. Penney, deceased. On the same day, November 12, 1947, the trial court made an order requiring the clerk to issue a citation to Paul M. Penney, as prayed. The citation was issued on November 12, 1947, and was served on Paul M. Penney on November 17, 1947. No copy of the summons and complaint was served on Paul M. Penney.

On May 21, 1948, Paul M. Penney, as executor of the will of Kate M. Penney, filed his motion to quash the citation served on him on November 17, 1947, on three grounds, viz.: (1) that at the time of the death of Kate M. Penney she had not been served with a copy of the summons and complaint; (2) for that the cause has not been revived against movant as executor of the will of Kate M. Penney; (3) because no copy of the summons and complaint has been served upon movant as executor of the will of Kate M. Penney.

On July 28, 1948, plaintiff made known to the court that the defendant J. E. Penney died testate on or about May 17, 1948, and that Paul M. Penney and the Birmingham Trust National Bank were appointed executors by the circuit court of Jefferson County, to which court the administration of the estate of J. E. Penney, deceased, had been removed. Plaintiff prayed that citation issue to the said executors requiring them to appear within thirty days and defend the cause in the place of J. E. Penney, deceased. On the same day, July 28, 1947, the trial court made an order requiring the clerk to issue a citation to the same executors as prayed. The citation was issued on July 28, 1947, and was served on executors on August 2, 1948. No copy of the summons and complaint was served on the executors of the estate of J. E. Penney, deceased.

On August 17, 1948, the executors of the estate of J. E. Penney, deceased, namely, Paul M. Penney and the Birmingham Trust National Bank, filed a motion to dismiss them as defendants, assigning grounds substantially the same as those set up in the motion to quash filed by Paul M. Penney, as executor of the estate of Kate M. Penney.

On October 26, 1948, without acting on either the motion to quash filed by Paul M. Penney, as executor of the will of Kate M. Penney, deceased, or the motion to dismiss filed by Paul M. Penney and the Birmingham Trust National Bank, as executors of the will of J. E. Penney, deceased, the trial court entered an order which reads in part as follows: "It is therefore considered, ordered and adjudged that this cause be and the same is hereby revived against Paul M. Penney, as executor of the will of Kate M. Penney, deceased, and against Paul M. Penney and Birmingham Trust National Bank, a corporation, as executors of the will of J. E. Penney, deceased."

Thereafter on November 12, 1949, the trial court overruled the motions to quash and dismiss, to which we have heretofore referred. To this action of the court the executors separately excepted.

After such motions were overruled, the executors, who were sought to be substituted as parties defendant, filed a plea in abatement, which averred in substance that the cause was not at issue as to them because no summons and complaint was ever served on Kate M. Penney or J. E. Penney prior to their death and that since their death no summons and complaint has ever been served on their executors. Plaintiff's demurrer to this plea was sustained.

Thereupon, on November 12, 1949, the executors filed their plea setting up the statute of nonclaim of six months, § 211, Title 61, Code 1940, averring in substance that the court never obtained jurisdiction of Kate M. Penney and J. E. Penney because no summons and complaint was ever served upon them and further alleging that the plaintiff did not, within a period of six months after the appointment of the personal representatives of the respective estates, file a verified claim and that no summons and complaint was ever served on the ex·

ecutors. Plaintiff's demurrer to this plea was sustained.

Thereafter the defendants, the executors, filed their plea of the general issue in short by consent in the usual form.

The case came on for trial on November 21, 1949, and resulted in verdict and judgment in favor of the plaintiff and against the defendants in the sum of $1,813.13.

On December 15, 1949, the defendants filed their motion for a new trial, which was continued from time to time. Upon the hearing of the motion for new trial, plaintiff consented that the judgment be reduced to $1,791.40 because of an error made by the jury in computing interest. Judgment was entered in favor of the plaintiff for the sum of $1,791.40. The motion for new trial was overruled.

The executors appealed from the judgment and the ruling of the trial court on their motion for new trial.

Assignments of error 1, 2, 3, and 4 all relate to the action of the trial court in not granting the motions to quash and dismiss and in sustaining plaintiff's demurrer to the plea in abatement. These assignments of error are argued together in brief filed here on behalf of appellants. The only argument presented in support of appellants' assertion that these assignments of error should work a reversal is that neither the original defendants nor the executors, the appellants here, were ever served with a copy of the summons and complaint.

This suit was commenced by the filing of the complaint. § 43, Title 7, Code 1940, is as follows: "The filing of the complaint, bill of complaint, or other statement of plaintiff's cause of action, in the office of the clerk or register of the circuit court, or other ministerial office of courts of like jurisdiction, shall constitute the commencement of suit."

█ Although summons and complaint had not been seved on J. E. Penney and Kate M. Penney at the time of their death, the suit against them was pending at that time.

█ The cause of action survived. Hence the suit did not abate upon the death of the original defendants if there was compliance with the provisions of §§ 153 and 154, Title 7, Code 1940, which sections read:

"§ 153. When actions do not abate by death; revivor in twelve months.—No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor."

"§ 154. Revivor on death of defendant pending suit.—If the cause of action survive on the death of a defendant, suggestion thereof must be made of record, and the proper representative may voluntarily come in and make himself a party defendant, but if such representative does not come in and make himself a party, citation must issue to him, on his being made known, to appear within thirty days from the date on which the citation was served on him and defend, and after that time, the suit may be revived against him; but final judgment must not be rendered against a personal representative if he objects until after the expiration of six months from the grant of letters testamentary or of administration. This action shall abate, however, unless the personal representative is brought in and made a party within twelve months after the death of the defendant."

█ There is no requirement in either of the sections above quoted that in order to revive, a copy of the summons and complaint must be served on the party sought to be substituted. The manner of obtaining jurisdiction of the personal representative of a deceased defendant is to cite him to appear. Walker v. English Adm'r, Ala.Sup., 53 So.2d 733; [1] Waddill, Ex'r v. John, Guardian, 48 Ala. 232, 237. In the case last cited, it is said: "The manner of obtaining jurisdiction of the personal representative

1. Ante, p. 68.

of a deceased defendant is to cite him to appear at the next term of court and defend. Revised Code, § 2544 [Code 1940, Tit. 7, § 154]. This citation, called a scire facias prior to the Code, and commonly so called since, is perhaps not technically such. It must, however, be considered as a mesne process to be issued from the court, and to contain the essential qualities of a writ to be served on the party, thereby summoning him to appear in court to hear the complaint against him. These essential qualities are, that it must be signed and tested by the clerk, and directed to the sheriff. It must describe the court properly, have proper parties and contain a proper cause of action. 3 Chit.Gen.Prac. 163; Nabors v. Nabors, 2 Port. 162; Revised Code, §§ 2559, 2560 [Code 1940, Tit. 7, §§ 183, 184]. When as in this case, the citation is merely a continuation of a pending suit, and its only purpose is to bring the party into court, *where he will find the declaration,* it is sufficient if he is directed to the case which he is required to defend. Toulmin v. Bennett, 3 Stewart & Porter, 220." (Emphasis supplied.)

The death of each of the original defendants was duly suggested, citation issued and served within twelve months from the date of death. This, in our opinion, is sufficient compliance with the last sentence of § 154, supra. When the personal representative is cited, he is brought in and made a party defendant, and it is not necessary that the formal order of revivor be entered within the period of twelve months from the date of the death of the original defendant. Nothing said in the recent case of Walker v. English, Adm'r, supra, should be construed as holding to the contrary. In that case the personal representative had not been cited within the twelve-months period. The rule in equity is different. See Osbourn v. LoBue, Ala.Sup., 53 So.2d 610.

Assignment of error 5 relates to the action of the trial court in sustaining plaintiff's demurrer to the plea setting up the statute of nonclaim. § 211, Title 61, Code 1940. There is no merit in this assignment of error. § 215, Title 61, reads: "The revival of any action pending against any person at the time of his death, which by law survives against his personal representative, by notice served on the executor or administrator, within six months after the grant of letters, shall be considered as a presentation of the claim on which the action is founded." In the instant case, notice by citation was served on the personal representatives within the six-months period.

Assignments of error 13, 14, 15, 18, 19, 21, 22, and 23 are argued together. They all relate to the refusal of the trial court to give at the request of the defendants the general affirmative charge with hypothesis. It is argued that appellants, defendants below, were entitled to have such charges given on several theories.

At the outset we will restate the well-recognized rule that the test in reviewing the propriety of the affirmative charge is not what our view may be of the weight of the evidence, or even what inferences we may think more probable, but if from proven facts and circumstances a reasonable inference may be drawn to substantiate the claimed culpability of the defendant, the affirmative charge must be held to have been correctly refused the defendant. Birmingham Electric Co. v. McQueen, 253 Ala. 395, 44 So.2d 598, and cases cited.

We will not detail the entire evidence in the case, but will make only such references thereto as will demonstrate our conclusion that the general affirmative charges requested by defendants below were properly refused.

Mr. and Mrs. J. E. Penney (Mrs. J. E. Penney being the same person as Kate M. Penney), residents of Birmingham, had extensive real estate holdings in Morgan County, principally in the city of Decatur. In April, 1945, their son, Paul Penney, came to Decatur from his home in Birmingham and secured the services of plaintiff, of Mr. Lamar Penney, a cousin of Paul Penney, and of a Mr. Orr to appraise the said real estate. The evidence fully supports a finding that at this time Paul Penney was the agent of his father and mother, both of whom were quite old and not well. An appraisal was made, to be used in connection with the sale of most of

the property. Plaintiff and Lamar Penney were to have the property listed with them for sale. The various items of property were listed and the appraised value of each item of property noted on the list.

Paul Penney returned to Birmingham, where he consulted his father in regard to the values fixed by the appraisers. Mr. J. E. Penney was not satisfied with the value fixed on some of the items of the property and put other values thereon. As to some items, no change was made in the valuation.

Thereafter, on May 1, 1945, Paul Penney wrote the following letter to Lamar Penney who, as before indicated, lived at Decatur: "Enclosed herewith is a list of property owned by Father and Mother in Morgan County, together with the prices Father had placed on same.

"You may proceed to sell this at any time you can, with 5% commission on the first $10,000, and 2½% on all over that.

"I was out home this morning and both Father and Mother seem to be much better."

The list referred to in the letter contained the various items of property on which the appraisers had placed valuations, together with the changes made in the valuations by Mr. J. E. Penney.

A copy of the letter to Lamar Penney and a copy of the list of the items of property were sent to the plaintiff, Russell Speake. Plaintiff was at the time a duly qualified and licensed real estate agent of the city of Decatur.

■ We think the evidence fully supports a finding by the jury that, upon the receipt of the copy of the letter and the list of the property, plaintiff had full authority to proceed to make sales of the property listed at the prices specified.

The evidence for the plaintiff is to the effect that on or about August 27, 1946, he procured a purchaser for one of the pieces of property listed, who was able, ready and willing to pay the price fixed on the property, but that the owners refused to sell. It was the plaintiff's theory that he was entitled to recover his commission as agreed upon, irrespective of the fact that the sale was not consummated, because the failure to consummate was due solely to the refusal of the owners to sell.

■ One of the reasons asserted for the trial court's error in refusing to grant the general affirmative charges requested by the defendant is that the piece of property involved had been taken off the market prior to August 27, 1946, of which fact both the plaintiff and the alleged purchaser were aware; in other words, plaintiff's authority had been revoked. We see no necessity of discussing in detail the evidence as it relates to this contention. It is sufficient to say that the evidence on this point is in sharp conflict and the jury could well have believed the testimony on behalf of plaintiff to the effect that neither he nor the alleged purchaser had been advised that the property had been taken off the market. Overton v. Harrison, 207 Ala. 590, 93 So. 564.

Appellants insist that the contract between the owners and plaintiff was one to sell the property, rather than to find a purchaser ready, willing and able to purchase, and that since the sale was not made, plaintiff was not entitled to any commission. We see no reason to deal with the question of whether the contract was one to sell or to find a purchaser, for the reasons hereinafter stated.

■ While there is a distinction between contracts by which a broker is employed to procure a purchaser for property and contracts by which he is employed to effect a sale or to sell, the rule in this jurisdiction is that brokers employed under the latter type of contract, as well as those employed under the first-mentioned type, are entitled to their compensation where they have procured a purchaser ready, able and willing to perform the terms specified or agreed upon, notwithstanding no actual transfer takes place because of the refusal of the seller to convey. Sayre v. Wilson, 86 Ala. 151, 5 So. 157; O'Neal v. Plowden, 220 Ala. 317, 124 So. 882; McCormick v. Tissier, 222 Ala. 422, 133 So. 22; Handley, v. Shaffer, 177 Ala. 636, 59 So. 286; Bailey, v. Padgett, 195 Ala. 203, 70 So. 637.

The case of Terry Realty Co. v. Martin, 220 Ala. 282, 124 So. 901, on which appel-

lants rely, is an essentially different case from the case at bar and those cited above, but it recognizes the principle set out above. There the defendants owned an undivided two-thirds interest in the property and the other one-third interest was owned by certain minors and their mother. The defendants who owned the two-thirds interest made a written agreement with the broker for the sale of the property, which agreement recited the state of the title and stated that in order to conclude a sale of the property, it would be necessary for a guardian to be appointed for the minors and for the probate court to confirm the sale of the minors. After such recitals and provisions, the agreement continued: "If a sale is made and put through as authorized by law, we agree to pay or see that you are paid a commission of $500." The broker procured a purchaser, but when the proposed sale was submitted to the mother of the minors, she refused to approve and the matter proceeded no further and was dropped. Under such circumstances, we held that the defendants were not liable for the alleged commission. The contract had expressly provided that the commission was payable only in the event the sale was completed and the defendants had done nothing to prevent or interfere with the completion of the sale.

The case of Walker v. Dorsett, 221 Ala. 623, 130 So. 380, also fully recognizes the right of a broker to recover commissions where the consummation of the sale is prevented by the refusal or intermeddling of the seller.

It is without conflict in the evidence that the sellers refused to sell when they were notified by the plaintiff that he had procured a purchaser. The only ground for refusal was that the property had been taken off the market and the plaintiff's right to sell had in effect been revoked.

The evidence as to whether the alleged purchaser was able, ready and willing to pay was in sharp conflict and presented a question for the jury's determination. It was not necessary that there be any agreement in writing between the alleged purchaser and the plaintiff relative to the purchase and sale of the property. O'Neal

v. Plowden, supra; Bailey v. Padgett, supra; Stevens v. Bailey & Howard, 149 Ala. 256, 42 So. 740.

The affirmative charges were correctly refused the defendants.

All of the assignments of error not already considered, with the exception of one, are based on the action of the trial court in giving certain written charges requested by the plaintiff. We see no necessity of treating these assignments of error separately or at length. We have examined each of the charges so given and are of the opinion that they state principles of law in accord with the decisions of this court already referred to in this opinion.

The remaining assignment of error is based on the alleged refusal of the trial court to give a certain charge requested by the defendants. In this connection, it is sufficient to say that this charge was neither given nor refused, as appears from a stipulation of counsel set out in the record. Hence, we have no action of the trial court to review in so far as that charge is concerned.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER, SIMPSON and GOODWYN, JJ., concur.