This is a suit by a real estate broker to recover commissions allegedly due him from Vulcan Oil Company. The jury awarded an $11,000 verdict in favor of the broker. Vulcan appealed from the judgment entered thereon. We affirm.
The case was submitted to the jury on four theories: express oral contract, implied contract, fraud, and conspiracy. The jury returned a general verdict.
There was evidence from which the jury could have concluded that the broker, Gorman, was authorized by Vulcan in the early part of 1977 to find a long-term lessee of property owned by Vulcan in the Hoover area of Jefferson County, and that Vulcan agreed either expressly or impliedly to pay him a commission for procuring a long-term lease.
After this agreement was reached, the broker presented several prospective lessees to Vulcan, including Wendy's Hamburgers, Hardee's Hamburgers, Krispy Kreme Doughnuts, and AAMCO Transmissions.
In early August of 1977, the broker suggested U-Tote-M as a potential lessee and arranged several meetings between Vulcan's president and U-Tote-M officials. The broker produced evidence that, following these negotiations, he communicated two offers from U-Tote-M to Vulcan to lease the Hoover property. Vulcan rejected both offers and told Gorman it had decided to deal with Metropolitan Properties for development of the Hoover property. Gorman's authority to negotiate a lease on that property was withdrawn, and he was told to seek a purchaser for other property owned by Vulcan.
Thereafter, Vulcan entered into a lease with U-Tote-M upon terms less advantageous to Vulcan than the terms on which it had authorized Gorman to seek a lease.
On appeal, Vulcan argues that the trial court erred in refusing to grant a directed verdict in its favor. It is Vulcan's position that, under the undisputed evidence, Gorman, as a matter of law, is not entitled to a commission. Vulcan concedes in brief that there is a scintilla of evidence on Gorman's side of the case, but states: "However, the evidence is not sufficient on a motion for Judgment N.O.V." Vulcan is *Page 762 
mistaken in this assertion. The test for granting or denying a motion for directed verdict or for J.N.O.V. is exactly the same. Bennett v. Cole, 426 So.2d 832 (Ala. 1982), disapprovingHarville v. Goza, 393 So.2d 988 (Ala. 1981); Rule 50 (e), ARCP.
The broker has the burden of proving his entitlement to a commission, and this depends upon whether his efforts were the "procuring cause" of the sale or lease. This is a question of fact. In Handley v. Shaffer, 177 Ala. 636, 651-652, 59 So. 286
(1912), the Court said:
 "What amounts to the procurement of a purchaser is a question of fact, and it is enough that the efforts of the broker, acting upon the purchaser, are the efficient cause of his offer to purchase. They, of course, need not be the sole cause."
In Handley, the Court specifically approved the following jury charges as correct statements of law:
 "(1) `To be the procuring cause of the sale, it was not necessary that plaintiff should himself have conducted all the negotiations culminating in the sale of the property. It was enough if he set in motion the machinery by which the work was done.'
 "(2) `The broker, it is often said, must be the procuring cause of the sale; but it is not held that he must be personally present when the vendor and vendee meet, and introduce them in the familiar sense of the word. It is enough if he be the cause of their coming together in the relation of vendor and vendee. They may meet by chance, and finally effect a sale; but if the broker be the means of putting the vendee's mind into the mood of purchasing, he certainly in that case procured the purchase.'"
177 Ala. at 642, 59 So. 286. See, also, Perdue v. Gates,403 So.2d 165 (Ala. 1981), and Foote v. Moore, 342 So.2d 906 (Ala. 1977), where the following was held to be a correct statement of the law:
 "`A broker who procures a prospect who is ready, willing and able to buy under the terms of the contract during the existence of the contract, is entitled to his commission, although the sale may not have been concluded during the term of the contract. However, the seller is not bound forever by the contract. And unless the broker has procured a purchaser who is ready, willing and able to buy under the terms of the contract and during the existence of the contract, or unless the sellers were guilty of bad faith or guilty of fraud in their subsequent negotiations with the broker's prospect, the broker would not be able to recover.'"
342 So.2d at 909.
Under the facts of this case, we cannot say that the trial court erred in submitting the case to the jury by refusing Vulcan's request for a directed verdict. Whether Gorman was the procuring cause of the lease of Vulcan's property by U-Tote-M and whether U-Tote-M was an able, ready, and willing lessee were questions for the jury. Penney v. Speake, 256 Ala. 359,54 So.2d 709 (1951).
We have carefully considered each argument made for reversal and find no error. The judgment of the trial court is, accordingly, affirmed.
The plaintiff also filed a cross-appeal in which he contends that the trial court erred in denying his motion for taxation of costs under § 12-21-144, Ala. Code 1975. He argues that, because all of the depositions for which the taxation of costs against Vulcan is sought were introduced into evidence, Rule 54 (d), Alabama Rules of Civil Procedure, and the above Code section remove the court's discretion in taxing costs. We disagree and hold that the taxation of costs under the statute and the rule rests in the discretion of the trial judge, whose decision will not be reversed unless clear abuse is shown. The judgment from which the plaintiff cross appealed is also affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 763