MADDOX, Justice.
The primary issue in this case is whether, in a suit against a guarantor of a promissory note, the trial judge correctly granted the bank a judgment notwithstanding the jury’s verdict.
SouthTrust Bank of Baldwin County (“SouthTrust”) sued Robert L. Mikkelsen on three promissory notes. Mikkelsen had executed two of the notes as primary obli-gor and the other as guarantor for one C.W. Spence (“Spence note”). The Spence *9 note was executed to provide funds for Spence to buy a boat for use in his business. Spence, contemporaneously with his execution of the note, also executed a ship mortgage with SouthTrust as mortgagee. The principal sum of the Spence note was $35,000.
One of the central questions presented at the trial, and presented on appeal, is whether the Spence note was in default. The contentions of the parties on this point could be summarized as follows: South-Trust says that Mikkelsen, in his answer to its complaint, admitted Spence's default and that the first time it knew that Mikkel-sen was claiming that the Spence note was not in default was just before the trial of the case. SouthTrust also contends that the evidence shows, as a matter of law, that the Spence note was in default. Mik-kelsen contends that the trial judge did not abuse his discretion in allowing him to present evidence at trial that the Spence note was not in default, even though his answer admitted allegations of the complaint, because of the provisions of Rule 15(b), Ala.R.Civ.P., relating to amendments.
Mikkelsen’s basic argument here is that the trial judge erred in granting South-Trust’s motion for judgment notwithstanding the verdict of the jury in his favor on the Spence note, because (1) the terms of payment contained in the Spence note were different from those contained in the mortgage executed contemporaneously with the execution of the note, and (2) there was some evidence that the bank had granted an extension to Spence, and this was confirmed by Spence’s testimony at trial that he did not think the note was in default.
FACTS
Because one of the central arguments centers around the fact that the terms of payment contained in the Spence note and those in the ship mortgage are different, we set out those specific provisions. The terms of payment in the note are as follows:
“On June 7, 1984, you promise to pay to us or our order the principal sum of Thirty five thousand & no/100 Dollars ($35,000.00) together with interest on said sum at the rate of 14.00% per annum until maturity. Int. will be paid Qtrly. beginning 9/7/83 & thereafter until maturity of the note.”
The terms in the mortgage are:
“WHEREAS, the Owner [Spence] ... is justly indebted to the Mortgagee, as evidenced by promissory note dated June, 1983, in the amount of $35,000.00, payable to the order of Mortgagee in five consecutive annual installments each of $7,000.00, commencing June 7, 1984, plus interest thereon payable according to the tenor and effect of said promissory note ...” (Emphasis added.)
The evidence showed that Spence made one payment of $5,000 on the note, and was granted three extensions to pay off the remainder. When he failed to do so, the bank sent letters asking about the status of the boat, and demanded payment.
SouthTrust notified Mikkelsen, as guarantor, that it considered the Spence note to be in default, and demanded payment. When SouthTrust did not receive payment of the Spence note, it filed suit against Mikkelsen to recover the amount due on the Spence note, and it also accelerated payment of the two notes Mikkelsen had executed individually with it.[1]
The trial judge had denied SouthTrust’s motion for directed verdict at the close of all the evidence:
“THE COURT:
“Well, I think there is a scintilla created in those letters as to whether or not
*10 there was a default. ... The letters talk about, ‘if you don’t give us the information and so forth.’
“And that is not to say that I will rule the same way on a motion for judgment n.o.v. is a different standard [sic], or at least, as I understand the law, it is a different standard to rule on a motion for a directed verdict [and] a judgment n.o.v.
“So I am going to deny the directed verdict with respect to the Spence note. I am going to submit that to the jury as to whether or not there was a default under the Spence note.”[2]
Of course, the trial judge was mistaken about the law, and that may explain, in part, his reason for ruling as he did on SouthTrust’s motion for J.N.O.V.[3]
SouthTrust argues that the evidence is undisputed that the Spence note was in default, and, therefore, that Mikkelsen, as guarantor, was liable. SouthTrust here raises both procedural and substantive arguments to show that sufficient evidence did not exist in support of Mikkelsen’s contentions.
I
First, SouthTrust argues that the terms of the note were admitted in the defendant’s answer, and SouthTrust says it did not know that Mikkelsen would make an issue of the note’s terms until the morning of the trial. The operative paragraph in the complaint reads as follows:
“FIRST CLAIM FOR RELIEF
“3. On or about the 8th day of June, 1983, SouthTrust loaned Spence the principal amount of Thirty-Five Thousand and No/100 ($35,000.00) Dollars, which amount was due to be repaid with interest at the rate of 14.0 percent per annum on June 7, 1984. Said loan is evidenced by a ‘Note, Security Agreement and Disclosure Statement’ (‘Note 1’) dated June 8, 1983, and executed by Spence and delivered to SouthTrust, a true and accurate copy of which is attached hereto as Exhibit ‘A’. SouthTrust and Spence subsequently agreed to extend the time for repayment of Note 1 on three occasions, the last such extension permitting payment to be made on the 16th day of April, 1985. These extensions are evidenced by extension agreements dated June 28, 1984, September 26, 1984, and January 17, 1985, true and accurate copies of which are attached hereto as Exhibit ‘B’.”
*11 The operative paragraph in the defendant’s answer reads:
“ANSWER
“Comes now the Defendant, Robert L. Mikkelsen, by and through his attorney, Greg F. Jones, and for Answer to the Complaint heretofore filed against him in this cause, states as follows:
“1. Defendant, Robert L. Mikkelsen, admits Paragraphs 1 and 2 of the Plaintiffs Complaint.
[[Image here]]
“3. Defendant, Robert L. Mikkelsen, admits the allegations of Paragraph 3.” (Emphasis added.)
SouthTrust contends that it had a right to insist that Mikkelsen had not denied that the Spence note was in default, and that it did not expressly or impliedly waive its objection to the introduction of evidence on the issue of default. On the contrary, SouthTrust says that it made an oral motion in limine to keep this issue out of evidence:
“MR. HOLTZ:
“What I understand that he is going to be saying is that the terms — that it [the Spence note] was not in default because of the terms of payment were different from that stated in the note. Now, this is an entirely new issue as you can see from looking first in our complaint. We have alleged what the terms of the loan were, terms of repayment. That is Paragraph Three.
“In Paragraph Three of his answer, he admits that. So, all along I have gone along until this morning understanding that that has not even been an issue.
“THE COURT: Well, doesn’t that get to the question of default?
“MR. HOLTZ: He is saying that the terms of the note do not control, the terms of the mortgage are the terms. But he has admitted that the note terms, ...he has admitted that those are the terms that control. We allege that there is a promise to pay at this time, this amount and all of this, the important part being it is a promise to pay on June 7th or 8th, 1984. They have admitted that. If they did not admit it, we would have gotten into some discovery to find out what the basis of this was.
“Now, we find out, the first thing this morning, that he is going to raise that as an issue. We are not suing on the mortgage, it is referred to in the complaint. We are not suing on that. The issues have been limited now to the note. We are not trying to recover on this boat and — well. ... [Emphasis added.]
“THE COURT:
“I am going to make a final ruling at trial but in the time being, I am going to deny the oral motion.”
The trial judge allowed Mikkelsen to pursue the theory that the terms of the note were not controlling on the issue of default.
Rule 8(b), Ala.R.Civ.P., provides that a defendant may admit the allegations of a complaint in his answer. Rule 15(b) provides that issues not raised by the pleadings may be tried by express or implied consent of the parties or the court may allow the pleadings to be amended.
“(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely *12 because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
Rule 15(b), Ala.R.Civ.P.
Under these facts, we hold that the trial judge did not abuse his discretion in allowing Mikkelsen to amend his pleadings and present evidence on the issue of whether there was a default on the note. Therefore, SouthTrust’s claim that the defendant admitted the default is not supported by the record or the law.
II
Second, SouthTrust raises substantive objections to attack the three items of evidence relied on by Mikkelsen to defeat J.N. O.Y.
A
The first item of evidence relied on by Mikkelsen is Spence’s statement on direct examination regarding default:
“Q. Did you subsequently make payments on this $35,000 note?
“A. Yes, I did, in twelve months from the time I borrowed the money, twelve months later I made a payment.
“Q. And how about after that? Did you ever get behind to your knowledge.
“A. To my knowledge, I wasn’t behind.” (Emphasis added.)
Mikkelsen contends that this is evidence that Spence was not in default, and that it suffices to prevent the direction of a verdict for the bank. SouthTrust, on the other hand, argues that this is merely conclusory testimony by the witness. The testimony, it argues, is not based on the facts as evidenced by the terms of the note.
SouthTrust argues that the scintilla rule applies only in a case where the controverted facts raise a dispute on issues upon which reasonable persons could differ, and that this was not such a case.
B
The second item of evidence relied on by Mikkelsen is a series of letters written to Spence by SouthTrust’s senior vice president, Russell Enfinger. Only two of these letters could be found to contain some evidence in support of Mikkelsen's position. (See n. 2.)
The trial judge stated on the record, in ruling on SouthTrust’s motion for a directed verdict, and Mikkelsen here argues, that these letters presented a scintilla of evidence in support of the assertion that the loan was not in default. (The other letters submitted in evidence have been examined by this Court and we have determined that they do not provide a scintilla of evidence that the bank did not consider Spence in default.) SouthTrust argues that the letters state clearly that the note is past due and, therefore, that Spence was in default; Mikkelsen, of course, contends that the options provided by the letters show a scintilla of evidence that the Spence note was not in default.
C
The third item of evidence Mikkelsen relies on is the “course of dealing” between Spence and SouthTrust. Mikkelsen claims that Spence’s and SouthTrust’s actions sufficed to change Spence’s obligations under the note. Mikkelsen says that this course of dealing was sufficient to alter the parties’ agreement, and that evidence of a course of dealing is allowed, under Alabama’s parol evidence rule, to explain a written agreement. “Course of dealing” is defined in our enactment of the Uniform Commercial Code:
“§ 7-1-205. Course of dealing and usage of trade.
“(1) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.
ti * * *
“(3) A course of dealing between parties and any usage of trade in the vocation or trade in which they are engaged or of which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement.”
Ala.Code 1975.
Mikkelsen contends that the course of dealing between SouthTrust and Spence *13 was that Spence would be allowed extensions of time to repay the note and that a new agreement about payments was reached when he made his first payment in June of 1984. The following testimony was elicited from Spence on cross-examination:
“Q. Let me just ask this one question. I think you said back when you came in and paid the $5,000 at the end of the first year, you said that you were not behind on the note. But if the note said, and even if you take the mortgage terms, if the mortgage said $7,000 was due, would you in fact now agree that you were behind?
“It said to pay $7,000 but you only paid $5,000?
“A. Well, that is what the mortgage states but at the time I made the payment, I discussed it with a loan officer and I said that I wanted to pay $5,000 now and the next renewal date, I will pay $9,000. And that was agreed at the time that I paid the $5,000 payment.”
This testimony goes to show a course of dealing between Spence and the bank that allowed him to renew his debt and change the amount and date of his payments, Mik-kelsen contends.
The issue thus becomes whether the testimony of Spence and the letters from En-finger create a scintilla of evidence to show that Spence was not in default on the note.
As stated earlier, the scintilla standard is the proper standard to apply on motions for J.N.O.V. Vulcan Oil Co. v. Gorman, 434 So.2d 760, 762 (Ala.1983). A scintilla has been described as “a mere gleam, glimmer, spark, the least particle, the smallest trace.” Howard v. Crowder, 496 So.2d 81, 32 (Ala.1986). We hold that the letters in question and the statements made by Spence create a scintilla of evidence to support Mikkelsen’s contentions. The trial judge was correct when he denied the motion for a directed verdict and allowed the case to go to the jury. He erred, however, in stating that a different standard of review existed on a motion for J.N.O.V. If a scintilla of evidence existed before the case went to the jury, it existed after the jury’s verdict.
Mikkelsen also argues that a settlement agreement reached between Spence and SouthTrust should have been admitted in evidence to show that Mikkelsen’s obligations under the note had been changed. Mikkelsen may have a persuasive argument on that point, but because the agreement was never offered in evidence, this Court has nothing to review on this issue. Two other issues were raised by Mikkelsen on this appeal: whether evidence of certain aspects of settlement negotiations between SouthTrust and Mikkelsen should have been admitted, and whether a certain jury charge was proper. Because the resolution of the issue of the propriety of the J.N.O.V. results in a holding favorable to Mikkelsen, we pretermit discussion of these issues.
The trial judge conditionally granted SouthTrust’s motion for a new trial in the event his judgment was reversed. Ala.R. Civ.P. 50(c)(1). The judgment is reversed and, Mikkelsen not having challenged the conditional grant of a new trial, the cause is remanded for the new trial ordered by the trial court.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.

. Although the two notes executed by Mikkelsen were not in default, SouthTrust contended that the Spence note was in default and it accelerated payment on Mikkelsen’s notes based upon a cross-default provision in the notes, which reads as follows:
"Default; Entire Balance Due. You will be in default under this Note and we can require that you pay to us at once the entire unpaid balance of this Note, all accrued interest thereon, if any, with or without notice to or demand upon you: (a) if you fail to make payment under this Note or under any other agreement you have with us exactly when it is due. ..." (Emphasis added.)

. The letters read as follows:
"May 17, 1985
"This is to notify you that the above note is now 30 days past due. Additionally the bank is concerned that you may have disposed of this vessel without our approval as mortgagee. Please contact the undersigned in writing as to the disposition of this vessel if any, the name and address of the salvage company involved, and the disposition of any monies resulting from this disposition to any party including yourself or the salvage company. We want to know the exact location of the vessel also.
"Additionally, I have drafted a letter of authorization for your signature authorizing your attorney, Martha Durant, to pay the proceeds of any recovery against your insurance company jointly to SouthTrust Bank as mortgagee and yourself. Please sign and return this letter to me immediately.
“Thirdly, the bank requires a financial statement of Gulf Winds, Inc. as of March 31, 1985, to update your credit file.
"Lastly, please come by the bank within five days of the date of this letter and pay the interest up-to-date on this past due note if you wish us to consider a renewal on any portion of this debt. Thank you for your prompt attention to this matter.” (Emphasis in original.)
"May 23, 1985
"Reference is made to my letter to you dated May 17, 1985 concerning your past due note. Since you chose not to furnish the requested information or pay the interest by May 22, 1985, as requested, the bank is hereby declaring your note in default. If payment in full is not received on or before June 3, 1985, we will call on your endorser, Mr. Robert Mikkelson [sic] for payment in full."

. "The test for granting or denying a motion for a directed verdict or for J.N.O.V. is exactly the same." Vulcan Oil Co. v. Gorman, 434 So.2d 760, 762 (Ala.1983). The standard is that "[a] motion for J.N.O.V. should be denied if there is any conflict in the evidence for the jury to resolve, and the existence of such a conflict is to be determined by the scintilla rule." Handley v. City of Birmingham, 475 So.2d 1185 (Ala.1985).